WILLIAM T. REYNOLDS AND OTHERS, APPELLANTS, *v.* WILSON S. HORTON, DEFENDANT, CHARLES A. VAN DEUSEN, A JUNIOR ATTACHMENT-CREDITOR, RESPONDENT.

*Attachment — secreting property — concealment to avoid service.*

The fact that a debtor, who had not paid for goods at the time promised, was absent from his place of business on the day when his creditor chanced to call for payment, the place of business being open and the business being conducted therein in its usual course, in charge of a clerk, who made no apparent effort to conceal his employer's whereabouts, coupled with the further fact that shortly before the creditor's call the debtor had drawn out of the bank his entire bank deposit:

*Held,* not to warrant an attachment on the grounds of secreting property with intent to defraud creditors, and concealment to avoid service of a summons. (BARNARD, P. J., dissenting.)

APPEAL by the plaintiffs, composing the firm of Reynolds & Cramer, from an order made by the county judge of Columbia county, dated the 9th day of August, 1892, vacating, on the motion of Charles A. Van Deusen, a junior attachment-creditor, a warrant of attachment granted to the plaintiffs on the 14th day of June, 1892, against the property of the defendant, Wilson S. Horton.

On making the order appealed from, the county judge, Hon. J. RIDER CADY, delivered the following opinion :

This case has been very earnestly and ingeniously presented by counsel, and I am much indebted to them for the assistance they have afforded me in resolving a somewhat nicely-balanced state of facts.

The warrant of attachment granted in behalf of the plaintiffs was allowed by me upon an *ex parte* application, and a substantial question is whether sufficient grounds for my action were presented by the moving papers.

Another question is whether the affidavits upon which the junior attaching creditor, Van Deusen, obtained his attachment are so much more explicit and full than those of the plaintiffs as to afford him a right to make the motion.

Answering the last question first I do so in the affirmative, and conclude that the affidavits upon which Van Deusen's attachment issued warranted the judge who allowed it in doing so, and that they are stronger and more satisfactory than those furnished by the plaintiffs to the county judge upon their application. Van Deusen's affidavits leave no doubt in my mind of his right to the remedy he asked for. The sole remaining question is whether this much can be properly said of the plaintiffs' papers. They disclose substantially the following facts, viz.:

That on the 13th, 17th and 24th days of May, 1892, the plaintiffs sold to the defendant goods, wares and merchandise, amounting in value to the sum of $515.21; that the defendant agreed to pay one-half of the sum of $441.96, which was the value of the goods sold to him on May 12, 1892, in cash on the delivery of said goods, and the other half thereof within thirty days, and that the balance of the goods were sold to him for cash; that the defendant has not paid said sum of $515.21, or any part thereof; that at the time the defendant made the purchase on May twelfth, he stated that he was worth the sum of $800 and that the credit, which was allowed to him by the plaintiffs, was given to him on the strength of such statement as to his financial capacity; that he thereafter in a letter to the plaintiffs stated that he was worth the sum of $800; that on the 13th day of June, 1892, the plaintiffs sent one of their employees to the city of Hudson, where, to quote the language used by George E. Cramer, one of the plaintiffs, in his affidavit upon the application for the attachment, "the defendant resides and is conducting his business, to demand payment of said bill;" that the plaintiff's representative did not find the defendant at his store in the city of Hudson, but did find a clerk there, apparently in charge of the business, who stated that the defendant had gone to Albany in the morning, and that from there he was going to Poughkeepsie, where the plaintiffs have their place of business; that during the thirteenth day of June the defendant was seen by Henry C. Brill, a salesman employed by the plaintiffs, in the village of Fishkill, where, as fur-

ther appears in the affidavit of Nehemiah Boyce, the wife and mother of the defendant reside, and that the said affiant Boyce was, on said thirteenth day of June, informed by William Bostwick, cashier of the Hudson River National Bank in Hudson, that the defendant had had the sum of about $700 on deposit in said bank for about a month prior to June 11, 1892, and that on that day he drew about $700 in cash, being his entire deposit, except a few cents. These are the substantial and important facts disclosed by the affidavits of the plaintiffs. It also appears that Boyce made inquiries in the village of Fishkill, on June thirteenth, concerning the whereabouts of the defendant, but was unable to ascertain them. The warrant of attachment was allowed on June fourteenth. I cannot resist the conclusion upon reflection that these facts, standing alone as I must consider them, do not afford sufficient ground for the issuing of an attachment.

They do not disclose, so far as I can discover, any false statement made by the defendant in obtaining credit from the plaintiffs. He said to them that he was worth the sum of about $800, and it affirmatively appears from the affidavit that at the dates of the sales, and for some time after, he had nearly that sum on deposit in a bank at Hudson. The papers throw no light upon the conduct of the defendant between the date of the last sale made to him by the plaintiffs on May 24, 1892, and June 13, 1892, when they sent their employee to Hudson, except that it appears that during that time the defendant had made no payment upon account of his purchases from the plaintiffs. When the plaintiffs' agent reached Hudson, on June thirteenth, he apparently found the defendant's place of business open and in charge of a clerk. In fact, Mr. Cramer's affidavit expressly states that the defendant resided and was conducting his business at Hudson, on the day he made his affidavit, which was sworn to June 13, 1892. The defendant, on June thirteenth, was absent from his place of business, but it does not appear that he had concealed, or was attempting to conceal, himself. His clerk stated that he had gone to Albany, and was going thence to Poughkeepsie, and he was actually seen in the village of Fishkill, not far from the city of Poughkeepsie, on that day. His wife and mother reside at Fishkill and it can scarcely be said that there was anything remarkable or suspicious in his being at that place on that day. The period

of his credit with the plaintiffs had only recently expired. It is true that he had not made cash payments which he had agreed to make, but it does not appear that the plaintiffs had pressed him for a settlement. It is true that on May eleventh he drew $700, or thereabouts, from the National Hudson River Bank, and had not, up to the date of the application for the attachment, applied any part of it to the payment of the plaintiffs' claim.

I think it would be unsafe to establish as a rule that the facts that a debtor is absent from his place of business on the day when his creditor chances to call for payment, the place of business being open, and the business being conducted therein in its usual course, the place being in charge of a clerk, who makes no apparent effort to conceal his employer's whereabouts, coupled with the further fact that shortly before the creditor's call the debtor has drawn either the whole or a part of his deposit from a given bank, will warrant the attachment of the debtor's goods. Attachment is a severe remedy and ought only to be employed in the cases and under the circumstances provided for in the statute. It is frequently difficult for creditors to bring their proofs up to the requisite standard, but that is their misfortune, and does not justify the courts in legislating upon the subject and in departing from the standard established by the statute. I am convinced by all the facts disclosed upon this motion that Horton, the defendant, intended to defraud his creditors, but in disposing of the motion I am limited to the consideration of the bare facts stated in the plaintiffs' original papers.

The motion is granted, without costs to either party.

*J. S. Van Cleef,* for the appellants.

*Brownell & Cochrane,* for the respondent.

DYKMAN, J.:

This is an appeal from an order made by the county judge of Columbia county vacating an attachment against the property of the defendant Horton.

Our conclusion is that the attachment was improperly granted, and the order vacating the same was right.

The order should be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurred.

BARNARD, P. J. (dissenting):

On the 12th of May, 1892, the plaintiffs sold and delivered to the defendant goods of the value of $441.96. On the 13th of May, 1892, they sold in addition goods of the value of twenty-seven dollars and thirty-five cents. On the 17th of May, 1892, they sold to defendant goods of the value of thirty-four dollars. And on the 24th of May, 1892, an additional amount of eleven dollars and ninety cents, in all $515.21.

The defendant at the time of the first purchase stated that he was worth $800 in cash, and he was to pay half on delivery of the goods and the balance in thirty days.

Defendant had a place of business in Hudson, N. Y., and the goods were at once delivered to him upon their purchase. The defendant did not pay the half cash, and upon being written to by plaintiffs replied by letter that he was worth $800. No payment was made, and on the 13th of June, 1892, the plaintiffs sent one Boice to Hudson to collect the bill. He found the clerk in the store who told him that defendant had gone to Albany in the morning, and was going from there to Poughkeepsie where the plaintiffs did business. He did not go there, but the plaintiffs heard that he was in Fishkill, Dutchess county. They sent a clerk there, and the defendant's wife and mother knew nothing of his whereabouts. The cashier of the bank in Hudson informed Boice that on the 11th of June, 1892, the defendant drew out his balance, within a few cents, which was $700. The defendant had been there a month. The proof was hearsay as to the drawing out the bank deposit, but the evidence falls within the principle recognized in *Buell* v. *Van Camp* (119 N. Y., 160). The facts stated show a fraudulent contraction of the debt and concealment by the debtor to avoid service of process.

The order should be reversed, with costs and disbursements.

Order vacating attachment affirmed, with costs and disbursements.