### DUNN v. LEWIS.

*(Supreme Court, General Term, First Department.   June 29, 1892.)*

CHANGE OF VENUE—CONVENIENCE OF WITNESSES.
> On motion for change of place of trial, on ground of convenience of witnesses, in an action for libel, where it appeared that plaintiff's claim to residence in the county in which suit was brought was supported by no evidence except his own, which stated conclusions, and not facts, the place of trial was properly changed to another county, where there was necessity for examination of a number of material witnesses by defendant.

Appeal from special term, New York county.

Action by Charles A. Dunn against George H. Lewis to recover damages for libel and slander. From an order changing the place of trial from the county of New York to the county of Erie, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Deming & Logan,* (*W. F. Kip,* of counsel,) for appellant. *Box, Norton & Bushnell,* (*Porter Norton,* of counsel,) for respondent.

VAN BRUNT, P. J.   We see no reason for interfering with the order made by the court below. The claim that the plaintiff is a resident of the county of New York is unsupported by any evidence except his own affidavit, which states a conclusion, and not facts, and which does not by any means meet the allegations contained in the moving affidavits. Furthermore, the granting of the motion seems to have been justified upon the ground of the convenience of witnesses. The affidavits upon the part of the defendant show the necessity for the examination of a number of witnesses who are necessary and material to the defense. The answering affidavits upon the part of the plaintiff show that there has been, as is usual in cases of this kind, a decidedly unnecessary multiplication of the number of witnesses which it is claimed it is necessary to examine. Under all the circumstances of the case, we think that the county of Erie was the proper forum in which the action should be tried, and that, therefore, the court below was correct in granting the motion.

The order should be affirmed, with $10 costs and disbursements.