### BOYLE v. STANDARD OIL CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    March 10, 1905.)

1. CHANGE OF VENUE—AFFIDAVIT—RESIDENCE.
> An allegation in an affidavit on a motion for change of venue that a party was a resident of a certain county at the commencement of the suit was a mere conclusion, and of no avail.

2 SAME—INFORMATION AND BELIEF.
> Allegations as to residence in an affidavit on a motion for a change of venue, though on information and belief, are sufficient, when the sources of the information are given.

3. SAME—FACTS—SUFFICIENCY.
> Facts alleged in an affidavit on motion for change of venue *held* sufficient to show plaintiff a resident of New York county.

Appeal from Special Term, Queens County.

Action by John J. Boyle against the Standard Oil Company of New York. Appeal by plaintiff from an order changing the place of trial. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Louis Kunen, for appellant.

Charles P. Howland, for respondent.

HIRSCHBERG, P. J.    The order appealed from changes the place of trial from the county of Queens to the county of New York, in an action commenced on the 6th day of October, 1904, to recover damages for personal injuries alleged to have been sustained in the former county on the 16th day of August, 1904. The change was made on the ground that both parties resided in the county of New York at the time of the commencement of the action, and the only question presented on the appeal is whether the evidence that the plaintiff resided at the time in the county of Queens is so clear and convincing as to require a reversal.

The plaintiff alleged in his affidavit that at the time of the commencement of the action he was a resident of Long Island City, which is in Queens county, but he stated no specific place of residence there. He further alleged that he and his wife moved to the city of New York a short time after the action had been begun, but that they "removed back to Long Island City, to No. 180 East Fourth street, about October 25th," a little over two weeks after the commencement of the action. His wife made affidavit generally that her husband was an actual resident of Long Island City at the time of the beginning of the action, but she stated specifically that during the time her husband was in the

hospital, consequent upon his injuries, she resided at East Thirty-Third street, in New York City; that when her husband came out of the hospital he remained in Long Island City with his relatives, looking for a place wherein to reside in said city; and that, failing to obtain a satisfactory place, he joined her at Thirty-Fifth street, in New York City, to which street she had removed, where, to quote her language, "they resided for about two weeks, and then, having found a satisfactory place in Long Island City, they removed back to Long Island City, and have ever since resided there." Taking the two affidavits together, it is obvious that the removal to Long Island City was on October 25, 1904, subsequently to the commencement of the action, and that the allegation as to residence at the time of such commencement is only the statement of a conclusion, which, without definite facts, does not meet the allegations contained in the moving affidavits. Dunn v. Lewis (Sup.) 19 N. Y. Supp. 755.

The facts alleged in the moving affidavits are not contradicted, and, while they are stated upon information and belief, the sources of the information and the grounds of belief are set forth, so that they constitute evidence, the character of which is approved in Buell v. Van Camp, 119 N. Y. 160, 165, 23 N. E. 538. They tend to show that at the time the plaintiff entered the hospital he gave his address to the hospital authorities as No. 252 East Thirty-Third street, in the borough of Manhattan City; that he was living at that house with his wife at the time he was hurt; and that his wife continued to live there until about five weeks prior to November 2, 1904, when she moved to No. 247 East Thirty-Fifth street, in the city of New York. The affiant details a conversation with the plaintiff's wife at the house last named on October 25, 1904, as follows:

"She stated that her husband had had an accident, and received an injury, by reason of which he was obliged to go to the hospital in Long Island City. I asked her how long she and her husband had lived at that house, and she answered: 'Since he returned from the hospital, three or four weeks ago.' I then asked: 'Where did you live before moving here? Was it in this neighborhood?' To which she answered: 'No; we lived down in East Thirty-Third Street.'"

The facts stated in the moving affidavits are not only uncontradicted, but they are in entire accord with such facts as are disclosed in the affidavits in opposition to the motion; and, as they establish the plaintiff's residence in New York county at the time he received his injury, and tend to establish the fact that such residence continued until some time after the action was commenced, they cannot be deemed to have been overborne by the mere general allegation of a contrary residence, unaccompanied by any facts in its support.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.