(62 App. Div. 531.)

PEOPLE ex rel. MAXIM v. WARD et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)

ELECTIONS — CANVASSERS — VOID BALLOTS—DUTIES—FAILURE TO PERFORM— MANDAMUS.

    Election canvassers at a town meeting at which relator was defeated by two votes declared nine ballots cast at such election void, and refused to count them for any candidate, and, instead of indorsing on such ballots the reason for their rejection, and placing them in a separate, sealed package, indorsed with their names, and filed with the chairman of the board, as required by General Election Law, § 111, returned the void ballots, in the condition they were in when voted, to the ballot box, together with the other ballots, which was in the custody of the town clerk. *Held*, that mandamus would lie on relation of the defeated candidate to compel the canvassers to prepare the ballots as required, so that such ballots might be returned into, and be inspected by, the court, to determine whether the count was properly made.

Appeal from special term.

Mandamus by the people, on relation of Charles B. Maxim, against J. Wilson Ward and others. From an order denying the writ, relator appeals. Reversed.

The facts admitted touching the canvass of the ballots cast at the town meeting referred to seem to be that the relator, a candidate at such election for supervisor, was declared defeated, and his rival, Robert T. Taylor, was declared elected by a majority of two votes; that the canvassers declared nine of the ballots cast at such election as void, and refused to count them for any candidate named therein; that there were no ballots protested as being marked for identification; that the canvassers failed to indorse upon the back of the ballots declared void any reason for such rejection; that the canvassers failed to place the ballots rejected as void in a separate, sealed package, indorsed on the outside with the names of the canvassers, and file the same with the chairman of the board, as required by section 111 of the general election law, but, instead thereof, returned said void ballots,

in the condition in which they were when voted, to the ballot box, with the other ballots counted; that all the ballots as voted now remain in such ballot box, in the custody of the town clerk of said town; that, after the canvass of the ballots, some of them were handled and inspected by various persons in the room at the time of canvassing, other than members of the board of canvassers. The disputed facts, relating to such ballots rejected as void, go wholly to the question of the validity of the ballots. The evidence appearing upon the face of the ballots themselves determines such validity, and only an inspection of the ballots can determine such question.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

J. Edward Singleton (J. A. Kellogg, of counsel), for appellant.
Raley & Kiley (Lyman Jenkins, of counsel), for respondents.

KELLOGG, J. The facts disclosed by the affidavits appear to me to entitle the relator to some relief, which might properly be granted by mandamus. It does not appear to be the policy of the law to deny this writ, even in cases where other remedies are possible. The evidence, and all the evidence, of the title of the relator to the office of supervisor, if he has any title, is contained in the sealed and locked ballot box in the possession of the town clerk. All proof of errors committed by the board of canvassers in the count of the ballots, if any errors were committed, is contained in that ballot box. The contents of the box, and hence all the proof, are at the disposal of the court, and subject to its mandate. It can be brought to light by mandamus, and upon inspection it can be determined by the court whether the count was properly made, and the proper result declared. That this remedy, as an easy, quick, and inexpensive one, was contemplated by the legislature, is plain, from the provisions of sections 111 and 114 of the election law. While the details of court practice in such cases is not clearly defined, the power of the court is unlimited; and the purpose suggested and the end to be attained in most, if not all, the cases of varying facts, will point a method by way of mandamus, either peremptory or in the alternative, which will result in the fullest redress of any wrong resulting from errors in the count of ballots by the board of canvassers. I see no reason why in this case this remedy cannot be safely pursued. If it shall ultimately appear to be ineffectual, it can then be abandoned, and some different remedy can then be resorted to.

It appears that the board of canvassers omitted a plain duty imposed by the election law, in that they omitted to indorse their reasons upon the back of ballots rejected as void, and omitted to place these void ballots in a sealed package and file the same with the original statement of the canvassers, as prescribed by section 111 of the election law; that they improperly replaced these void ballots with the others in the ballot box, where they still remain. For the correction of this neglect or omission of duty, any person aggrieved or interested, on a proper application, would be entitled to a writ of mandamus, without seeking authority therefor in the election law, compelling the board of canvassers to convene and do what they had omitted to do. "This is wholly independent of the election law itself, and rests upon the fundamental and elementary principle that every

public officer can be compelled by the court to perform the duties pertaining to his office." In re Stewart, 155 N. Y. 548, 50 N. E. 51. It is apparent, however, that in this case only partial relief would be possible, if that should be all that the writ required. The thing to be reached is an inspection of these ballots rejected as void, and a court determination of the question as to whether they are in fact void, and which, if any, are void, and which, if any, should be counted. Obviously, this is a matter to be determined by the court. It would be presumably useless to direct the board of canvassers to again pass judgment upon them, even if that were proper. It is for the court now to say whether their judgment is the proper one. The order denying the writ should therefore be reversed, and a writ of mandamus directed to issue to the board of canvassers to reconvene at the office of the town clerk, in Bolton, within ten days after the service upon them of a copy of the writ, and upon at least three days' notice by the canvassers to the attorneys of the respective parties herein, and that they publicly take from the ballot box the ballots by them rejected as void at the time the votes were canvassed; that they indorse upon each the specific reason for its rejection, and that they place the same in a separate, sealed package, and indorse on the outside thereof their names, as canvassers, and the number of ballots contained therein, and that they deposit such package with the town clerk of Bolton, with the original statement of the canvass, and that the town clerk of Bolton bring into court, at a time and place to be fixed in the order, the said original statement of canvass, together with said package of rejected ballots; and that said board of canvassers make return of their doings under said writ to the court at said time and place, and await the further order of the court.

Order denying writ reversed. Writ of mandamus directed to issue in accordance with the opinion herein. All concur.