THE PEOPLE OF THE STATE OF NEW YORK ex rel. JESSE L. PERRY, Appellant, Respondent, *v.* THE BOARD OF CANVASSERS OF SULLIVAN COUNTY and JAMES HALL, Respondents, Appellants.

*Peremptory mandamus — allegations of opposing affidavits assumed to be true — recount of ballots rejected as void and protested as marked for identification — when not granted — power of the court over election officials.*

The right to a peremptory writ of mandamus must be determined upon the assumption that the averments in the opposing affidavits, which are in conflict with the averments contained in the petition, are true.

One of the candidates at a general election applied for a peremptory writ of mandamus to compel a recount of the ballots rejected as void and those protested as marked for identification. The other candidate submitted opposing affidavits, in which he alleged that bundles and packages purporting to contain the void and protested ballots cast at the election were found in the county clerk's office in a place to which all persons had easy access; that none of the bundles or packages contained any indorsement showing that they had been filed by the clerk; that some of the packages were sealed and others were unsealed; that some of the packages and some of the ballots themselves were not indorsed in the manner required by the Election Law; that many of the ballots contained in the packages had actually been counted for the petitioner.

*Held,* that the court should not have granted the peremptory writ of mandamus to compel a recount of the ballots in question.

*Semble,* however, that the court would have power to issue a writ of mandamus to compel the various election officials to perform, with respect to the ballots in question, the duties imposed upon them by the Election Law.

CROSS-APPEALS by the relator, Jesse L. Perry, and by the defendants, The Board of Canvassers of Sullivan County and another, from an order of the Supreme Court, made at the Sullivan Special Term and entered in the office of the clerk of the county of Sullivan on the 5th day of December, 1902, directing the issuance of a peremptory writ of mandamus commanding The Board of Canvassers of Sullivan County to count, recount or exclude certain ballots cast for the office of school commissioner, first commissioner district of said county.

*Thornton A. Niven,* for the relator.

*John P. Roosa* and *J. M. Maybee,* for James Hall and Board of Canvassers.

186    PEOPLE ex rel. PERRY v. BD. OF CANVASSERS.

THIRD DEPARTMENT, NOVEMBER TERM, 1903.          [Vol. 88.

CHASE, J.:

The petitioner and one Hall were rival candidates for school commissioner in the first commissioner's district in the county of Sullivan at the general election for 1902. This appeal arises from a controversy relating to ballots alleged to have been protested as marked for identification and ballots alleged to have been rejected by the inspectors as void.

Section 111 of the Election Law (Laws of 1896, chap. 909) provides as follows: " Upon the completion of the canvass, the board of inspectors of election shall make and sign an original statement thereof showing the kind of election  *   *   *.  At the end of the last detailed statement of votes cast for candidates they shall add a statement of the number of general ballots protested as ' marked for identification,' which ballots shall be endorsed by the inspectors 'protested as marked for identification' specifying the mark or marking to which objection is made over their signatures, and all of which shall be counted for the several candidates voted for thereon. The inspectors shall also make as a part of their original statement a return of the number of void ballots rejected by them, and on such ballots no vote can be counted for any candidate. Each such ballot so declared void by the inspectors shall be endorsed upon the back thereof with the specific reason for such rejection. Such void ballots shall, together with the ballots which were protested as being marked for identification, be secured in a separate sealed package, which shall be indorsed on the outside thereof with the names of the inspectors, the designation of the election district and the number and kind of ballots contained therein. Such package shall be filed by the chairman of the board of inspectors with the original statement of the canvass.  *   *   * "

The original certified statement of the result of the canvass and the sealed packages of void and protested ballots are within twenty-four hours after the completion of such canvass to be filed by the chairman of the board of inspectors with the county clerk of the county in which the election district is situated. (Id. § 113, subd. 1, as amd. by Laws of 1897, chap. 379.)

As soon as the board of county canvassers shall have been organized, the county clerk is required to deliver to such board of canvassers all the original statements of canvass received from inspectors of

election for districts within the county for which such board are canvassers, and the board of county canvassers from such original statements must proceed to canvass the votes cast in such county at such election. (Id. § 131, as amd. by Laws of 1897, chap. 379.)

After said general election the original certified statement of the result of the canvass in the several election districts in said commissioner's district were filed with the county clerk of the county, and the board of county canvassers from such original statements canvassed the votes for school commissioner and determined that said Hall was elected school commissioner by a plurality of five votes, and a certificate of election was issued to him accordingly.

The petitioner then made an application to the court for a writ of mandamus, pursuant to the provisions of section 114 of said Election Law. In his petition he states that void and protested ballots were returned from certain specified election districts, and that they have been opened pursuant to an order of the court, and that it appears that seventy-three ballots were held void by the various boards of inspectors and not counted. The petition also states: " 6. That a great majority and preponderance of said ballots so held void and not counted and which were good and lawful ballots entitled to be counted, were in favor of your petitioner for the office of School Commissioner in and for the First Commissioner District of said County.

" 7. That in a great majority of cases, in the cases of ballots so held void and not counted, the grounds upon which said ballots were so declared void were not endorsed upon the back of said ballots according to law, and that your petitioner is therefore unable to state or specify the grounds upon which the respective boards of inspectors may have acted in the premises in a great number of cases referred to."

The petition also states that certain ballots protested as marked for identification were counted for Hall when they should have been excluded.

On said petition an order was obtained directing the board of canvassers to show cause why they should not count the ballots returned by them as void. Said Hall was, by an order of the court, made a party to the proceeding. In his answering affidavit he states: "That on Friday, November 14th, 1902, the clerk made a search in his office

188  PEOPLE ex rel. PERRY v. BD. OF CANVASSERS.

THIRD DEPARTMENT, NOVEMBER TERM, 1903.          [Vol. 88.

for the void and protested ballots for the purpose of producing them at a hearing before Judge Bush as referee, who was by an order of the Supreme Court directed to open the packages for the purpose of inspection.  That the County Clerk found among a conglomerate mass of other election papers piled upon the floor of the office and within easy access of any person desiring to handle or examine them, bundles, packages, sealed and unsealed, purporting to be the said void and protested ballots.  That at the time of finding said bundles and packages none of them had any writing or endorsement thereon made by the clerk, showing that they had been filed with said clerk. That many of the ballots thus found and produced before the referee as the marked and protested ballots were done up in a roll with string or rubber bands around them, others in sealed packages without being endorsed on the outside with the names of the inspectors, the designation of the election district, and the number and kind of ballots contained therein.  Those purporting to have been returned from the first district of Bethel, one of Forestburgh, one of Highland and third of Mamakating were not in sealed packages nor endorsed in the manner and style aforesaid and that ballots purporting to be void and also those purporting to be marked for identification or protested ballots were found in the same packages not endorsed as the law directs.  That many of the ballots thus found and produced and now sought to be counted for and allowed to the petitioner in this proceeding and generally referred to in paragraph 5 of the petition show upon inspection thereof that they are good and valid ballots but have no writing or endorsement upon the backs thereof made by the inspectors that said ballots were declared void nor are there any reasons specific or otherwise written thereon for their rejection nor is there any endorsement on the backs 'objected to because marked for identification' or words to that effect over the signatures of the inspectors and there is no statement written thereon of any kind showing or from which to infer whether said ballots were counted or rejected on the canvass thereof. That with this class of ballots if considered void or protested there has been a total failure on the part of the inspectors of election to perform the duty required of them by law with reference thereto."

The answering affidavits also state that certain of the ballots so

returned as void were actually counted by the inspectors for the petitioner.

The court decided that the petitioner was entitled to a peremptory mandamus and proceeded to an examination of the ballots, and also examined witnesses as to the identity of some of the ballots and as to whether the same had or had not been counted by the board of inspectors. At the conclusion of such examination an order was signed directing that a peremptory writ of mandamus issue requiring the board of canvassers to count the ballots as in the order stated, the effect of which order will be to declare the petitioner duly elected school commissioner in place of said Hall.

The only authority the petitioner claims for such order is section 114 of said Election Law, which provides as follows : " If any certified original statement of the result of the canvass in an election district shall show that any of the ballots counted at an election therein were objected to as marked for identification, a writ of mandamus may, upon the application of any candidate voted for at such election in such district, within twenty days thereafter, issue out of the Supreme Court to the board or body of canvassers, if any, of the return of the inspectors of such election district, and otherwise to the inspectors of election making such statement requiring a recount of the votes on such ballots. If the court shall in the proceedings upon such writ, determine that any such ballot was marked for the purpose of identification, the court shall order such ballot and the votes thereon to be excluded upon a recount of such votes. A like writ may in the same manner be issued to determine whether any ballot and the votes thereon which has been rejected by the inspectors as void shall be counted. If in the proceedings upon such writ the court shall determine that the votes upon any such ballot rejected as void shall be counted, the court shall order such ballot and the votes thereon to be counted upon a recount of such votes. Boards of inspectors of election districts, and boards of canvassers shall continue in office for the purpose of such proceedings."

This section allows a writ of peremptory mandamus requiring a recount in one of two cases : *First.* Where the certified original statement of the result of the canvass shows that ballots counted at an election therein were objected to as marked for identification. *Second.* Where the certified original statement of the result of the

canvass shows that ballots and the votes thereon have been rejected by the inspectors as void.

The duty of a board of inspectors in regard to a statement of the canvass, and in regard to ballots protested as marked for identification and ballots rejected by them as void is plainly prescribed, and when such duty is performed and the original statement with the separate sealed packages of void and protested ballots properly indorsed are filed with the county clerk there is before the court, if properly presented pursuant to said section 114 of the Election Law, questions of law which can be summarily determined by the court. (*People ex rel. Feeny* v. *Board of Canvassers*, 156 N. Y. 36.)

Where, upon a motion for a peremptory mandamus, opposing affidavits are read which are in conflict with averments in the petition, and the petitioner insists upon the peremptory writ, the question as to the right to the writ must be determined upon the assumption that the averments of the opposing affidavits are true. (*People ex rel. Corrigan* v. *Mayor*, 149 N. Y. 215; *Matter of Stiles*, 69 App. Div. 589.)

The affidavit of said Hall and other affidavits read in opposition to the petition herein not only show that at least some of the boards of inspectors of election failed to perform their duty, but they contain allegations seriously affecting the right of the petitioner to a peremptory writ of mandamus.

It further appears from the record that the petition did not include a copy of the several statements of the result of the canvass or any specific statement of the contents thereof, and with one exception such statements of the result of the canvass in the several election districts were not before the court at the summary hearing, and from the evidence taken before the court it appears that some of the ballots considered and passed upon by the court were not marked or indorsed in any way, and were not contained in a separate package or in any way identified by the local board of inspectors, but were found with other papers on the floor of the county clerk's office some days after the election.

The court had power by mandamus to require the several boards of inspectors to perform the duty expressly imposed upon them. (*People ex rel. Maxim* v. *Ward*, 62 App. Div. 531.)

Instead of first requiring the several boards of inspectors to per-

form their duty the court in this proceeding, without having such boards of inspectors or any of them before it as parties, proceeded summarily to determine as to the validity of ballots produced by the county clerk and as to whether the same should or should not be counted, although some of such ballots were not marked in any way and others although marked were not so marked in substantial compliance with section 111 of the statute, and further it does not appear whether such ballots were even mentioned or referred to in the statement of canvass made by said boards of inspectors.

It is only when there is a clear legal right that it can be enforced by a writ of peremptory mandamus. The Election Law should be construed liberally for the purpose of determining in a judicial proceeding the validity of ballots cast at any election, but courts should not disregard duties expressly imposed by statute upon inspectors for the purpose of safeguarding ballots and the canvass thereof by them.

It is not necessary to consider the objections to the petition and proceedings herein or the determination of the court in regard to particular ballots for the reason that we are of the opinion that upon the whole record before us there was not such a clear legal right to a writ of peremptory mandamus as entitled the petitioner to the order.

Order reversed, with ten dollars costs and disbursements, and the writ of peremptory mandamus issued in pursuance thereof set aside.

All concurred; HOUGHTON, J., not sitting.

Order reversed, with ten dollars costs and disbursements to James Hall, and writ of peremptory mandamus issued in pursuance thereof set aside.