PEOPLE ex rel. MAY v. STRANG et al.

(Supreme Court, Appellate Division, Second Department.   April 22, 1910.)

1. MANDAMUS (§ 143*)—TIME FOR APPLICATION—REVIEW OF ACTS OF ELECTION INSPECTORS.

Application for mandamus under the election law (Consol. Laws, c. 17), for a judicial review of acts of inspectors on a count and canvass of void and protested ballots as to local option in a town election, too late, if not made within 20 days after the election, as required by section 381.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 143.*]

2. INTOXICATING LIQUORS (§ 37*)—LOCAL OPTION—VOID AND PROTESTED BALLOTS—REMEDY THEREFOR.

If Consol. Laws, c. 17, § 381 providing for a judicial investigation of void and protested ballots, relates only to ballots cast for candidates for public office, and not to those cast on public questions, there is no remedy as to such ballots on local option in a town election; the determination of inspectors of election being conclusive.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 37.*]

3. MANDAMUS (§ 74*)—SUBJECTS OF RELIEF—SUPERVISION OF ELECTIONS.

A relator is not entitled to relief by mandamus on the ground that the actual count and canvass in an election district was not participated in by one of the members of the board of canvassers, as this is not the case of an incomplete canvass, where the votes were not counted at all, but at the most was an erroneous canvass.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 150–157; Dec. Dig. § 74.*]

4. ELECTIONS (§ 227*)—SUPERVISION—DISCRETION OF COURT.

The court in its discretion may decline to interfere to correct irregularities in an election which did not affect the result.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 227.*]

Appeal from Special Term, Westchester County.

Mandamus by the People, on the relation of Charles May, against Arthur F. Strang and others, composing the Boards of Inspectors of Election, etc., in the Town of Yorktown, and William J. Wallin, as Commissioner of Elections of Westchester County. The writ was denied, and relator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

John J. Torpy (Benjamin Fagan, on the brief), for appellant.
Nathan P. Bushnell, for respondents.

BURR, J. On the 29th day of November, 1909, petitioner applied for a peremptory writ of mandamus to compel the inspectors of election of election districts numbered 1, 2, and 3, in the town of Yorktown, who acted at the general election held on November 2, 1909, to make corrections in their statement of canvass, to cause their canvass and count of the ballots in the said several election districts to be correctly stated and canvassed, and to proceed to a recount of the ballots objected to as marked for identification or as void. The action of the inspectors which it was sought to review related to ballots designated "town propositions submitted"; such propositions relating to local op-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

tion in the said town. The application is based upon two grounds: First, that the board of inspectors erred in their determination as to certain ballots claimed to be void or protested ballots; and, second, that as to the ballots which were cast in election district No. 1, relating to "town propositions submitted," the canvass was made by a part only of the inspectors in that district.

If this proceeding be treated as one under the election law for a judicial review of the acts of the inspectors, so far as the same relate to a·count and canvass of the void and protested ballots, relator is met by the insuperable objection that his ·application was made too late. The application for a judicial investigation of such ballots must be made within 20 days after the date upon which the election was held. Consol. Laws, c. 17, §. 381.

Relator claims that the language of this section, strictly interpreted, relates only to ballots cast for candidates for public office, and not to those cast by electors upon public questions, and that this proceeding is not had under the election law. If that be so, then relator is without remedy; for the Legislature has chosen to make the determination of the inspectors of election final and conclusive upon these questions, except in so far as it has by appropriate statute provided for some review thereof. This it was within their power to do. People ex rel. Brink v. Way, 179 N. Y. 174, 71 N. E. 756; In the Matter of Hearst v. Woolper, 183 N. Y. 274, 76 N. E. 28; People ex rel. March v. Beam, 188 N. Y. 266, 80 N. E. 921.

Neither is the relator entitled to any relief upon the ground that the actual count and canvass in one of the election districts was not participated in by one of the members of the board. This is not the case of an incomplete canvass, where the votes had not been counted at all. At the most it was an erroneous canvass. The distinction has been recognized. People ex rel. McLaughlin v. Ammenwerth, 135 App. Div. 893, 120 N. Y. Supp. 295, affirmed 197 N. Y. 340, 90 N. E. 973.

Beyond that, the moving papers fail to show that, if this be treated as an incomplete canvass so far as this election district is concerned, the result of the election will be affected thereby. There is no statement as to the number of ballots cast in that district, nor how many of them were marked void or protested. The court in its discretion may decline to interfere to correct irregularities which do not affect the result of an election. People v. Cook, 8 N. Y. 67, 59 Am. Dec. 451. The order appealed from fails to show that the application was not denied in the exercise of discretion, instead of as matter of right, and so far as this branch of the case is concerned we cannot say that on these papers the discretion was not wisely exercised.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.