PEOPLE ex rel. BROWN v. FREISCH et al. (HICKS, Intervener).

(Supreme Court, Appellate Division, Second Department. May 7, 1915.)

1. MANDAMUS ⚎74—COMPELLING INSPECTORS OF ELECTION TO COMPLY WITH ELECTION LAW—REMEDY.

Mandamus lies under the general power of the court to compel public officers to perform their duties to compel inspectors of election to record their decisions on void and protested ballots and place them in a separate sealed package in conformity to Election Law (Consol. Laws, c. 17) § 369, but the inspectors should not be authorized to change any writing which they had made on the ballots in an attempted compliance with the law.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 150–157; Dec. Dig. ⚎74.]

2. MANDAMUS ⚎12—ISSUANCE—DIFFICULTY OF PERFORMANCE.

Mandamus will not be refused because it imposes a difficult task or one which may on attempt prove impossible, and, so long as the act required may be possible of performance, the consideration of difficulty will not defeat the writ.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 39–42; Dec. Dig. ⚎12.]

3. MANDAMUS ⚎74—COMPELLING PERFORMANCE OF STATUTORY DUTIES BY ELECTION INSPECTORS.

Mandamus compelling inspectors of election to record their decisions on void and protested ballots and place them in a separate sealed package in conformity to Election Law, § 369, does not permit the inspectors to recount the ballots, and does not indirectly work a recount of ballots counted and returned.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 150–157; Dec. Dig. ⚎74.]

4. ELECTIONS ⚎259—CANVASS OF INSPECTORS—CONCLUSIVENESS.

The canvass of the inspectors of election is not conclusive in any direct proceeding involving the trial of title to office or inquiry by Congress or the state Legislature as to the right of membership in their respective bodies.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 234, 235; Dec. Dig. ⚎259.]

---

⚎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. MANDAMUS ⬅➡74—PERFORMANCE BY INSPECTORS OF ELECTION OF STATU-
TORY DUTY.

    Inspectors of election are not functi officio so far as they may be com-
pelled after returns by mandamus to perform duties imposed on them by
statute.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 150–157;
Dec. Dig. ⬅➡74.]

6. MANDAMUS ⬅➡74—ELECTION LAW—COMPELLING PERFORMANCE.

    Mandamus lies to compel inspectors of election to indorse their deci-
sions on void and protested ballots and place them in a separate package,
though the proceeding relates to the office of a Representative in Congress.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 150–157; Dec.
Dig. ⬅➡74.]

Appeal from Special Term, Nassau County.

Mandamus by the People, on the relation of Lathrop Brown, against
Adolph Freisch and others, constituting the board of Inspectors of
Election, and others, in which Frederick C. Hicks intervened. From
an order granting a writ of peremptory mandamus, the intervener ap-
peals. Modified and affirmed.

At the general election held in November, 1914, the relator and the inter-
vener were rival candidates for Representative in the Congress. The relator
obtained a writ of peremptory mandamus under section 381 of the Election
Law. The hearing upon that writ revealed certain conditions which moved
the relator to obtain a peremptory writ of mandamus upon his petition and
the affidavit of one of the inspectors of election. The order for that writ is
the subject of this appeal. Many similar writs were obtained, and many
appeals similar to this appeal have been taken. But this appeal only was
argued, and the supposition is that our decision herein will, mutatis mutandis,
dispose of the other cases.

The facts which moved the court to grant the writ, as indicated in its
opinion, are: That the returns of the inspectors of election and the envelopes
of the ballot clerks purporting to contain certain protested, void, and wholly
blank ballots, are not in accord. That in some instances the number of void
ballots found in the envelope is not identical with the number stated in the
return; in other instances, the number of ballots in the envelope shows no ap-
parent relation to the number stated in the return. In many instances it is
impossible to tell whether the ballots in the envelopes were treated by the
inspectors as void, protested, or wholly blank, and in some of the districts the
canceled ballots were apparently returned in the envelopes designated for
protested, void, and wholly blank ballots. The alleged irregularities in this
case are certain omissions as to two ballots adjudged by the inspectors as
void; as to two official spoiled ballots and as to three ballots indorsed marked
for identification. The said affidavit of the inspector states that all ballots
were duly canvassed, and at the close of canvass were placed either in the
ballot box or in the envelope for void, protested, or wholly blank ballots;
that no voted ballots were placed elsewhere; that no ballots were destroyed;
and that, if any void, protested, or wholly blank ballots are not found in the
sealed envelope of such ballots, they must be in the ballot box with the valid
voted ballots.

The mandamus commands the inspectors to unseal and to open the ballot
boxes and to take therefrom such official ballots containing the names of
candidates which include the names of these contestants, which the inspectors
adjudged or ruled to be void and which they returned as void, and to indorse
upon each ballot the memoranda required by the Election Law. Also, to take
from the boxes the ballots objected to at the canvass as marked for identifica-
tion, and to indorse upon each ballot the memorandum required by the said
law, then to inclose the ballots in an envelope indorsed so as to describe its

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

contents, and thereupon to file it with the board of elections. And also to open the envelope of void, protested, and wholly blank ballots, and open such ballots as were by them adjudged void or were objected to or were protested, and to indorse thereon the memoranda required by the said law, and then to return said ballots to said envelope, indorse it in descriptive terms, and return it to the board of elections. Also, to take from the said original envelope such ballots as were spoiled and returned by the voters (for which new sets of ballots were delivered to voters), and to indorse or cause to be indorsed on the said ballots respectively the word "canceled," and then to place said ballots in the box for spoiled or mutilated ballots. The mandamus prescribes formalities which insure observation of the inspectors when about this work, and gives directions to other officials that afford access by the inspectors to the boxes and the envelopes affected by this order.

Argued before JENKS, P. J., and CARR, RICH, and PUTNAM, JJ.

William D. Guthrie, of New York City (Leander B. Faber, of Jamaica, Joseph M. Belford, of Riverhead, and Leone D. Howell, of Brooklyn, on the brief), for appellant.

Percy L. Housel, of Riverhead, for relator-respondent.

JENKS, P. J. [1] While necessarily the mandamus contemplates that the officials have not done all things which they should have done, it commands completion of acts partially done, not the doing of acts wholly undone; or, specifically, the theory of the writ is that certain ballots had been objected to, certain ballots had been passed upon as void, protested, or wholly blank ballots, and other ballots which had been returned to the officials as spoiled or mutilated (for which other ballots were furnished to the voter) had been determined to be canceled ballots. But the Election Law prescribes that there should be made by the officers a contemporaneous record upon the ballots first mentioned, of the objection and the character thereof, and of the ruling. Section 369. And therefore the same officials are now commanded to indorse such memorandum upon such ballots as are devoid thereof. The essential requirement of the law, however, is a determination upon each questionable ballot forthwith and preliminary to the count by the inspectors. A ruling or an adjudication can be made complete viva voce. A record thereof is not essential. The memorandum required by the Election Law is to afford written evidence of the ruling. The statute very wisely prescribes that the memorandum shall be made on the ballot at the time of the ruling. As the ballots are preserved for a reasonable time, the ballot so indorsed affords the best evidence of any error made by the officials, which is available in the trial of title to office, or in inquiry by the federal or by the state Legislature as to the right of membership in their respective bodies, or in the limited judicial investigation provided by section 381 of the Election Law. See Matter of Hearst v. Woelper, 183 N. Y. 281, 76 N. E. 28. If the Election Law had been followed strictly, the requisite memorandum would have been made at the time of objection and the ruling. But it is not essential that the record of an act should be contemporaneous therewith, and, if a statute prescribes a contemporaneous record, it does not thereby impliedly forbid any subsequent record. An objection can be made viva voce. The record required by this statute is for reasons

similar to those which I have just discussed, and is subject to the considerations mentioned. The writ under review does not command, and could not command, the officials to do now what they are required to do during the canvass, but only to record now the acts which should have been recorded then.

If the officials failed at the close of the canvass to place some of the void and protested ballots in the separate sealed package as required by section 369 of the law, I think that they now may be required to do so. The purpose of this provision of the statute is to segregate such ballots. If such present disposition requires the preparation of a second sealed package, in addition to the one already prepared, that affords no reason why the statute should not be executed, inasmuch as the ballots are segregated whether placed in one or in two of such packages. If the officials failed to place some of the spoiled ballots in the separate box set apart for them by the law, I perceive no reason why they should not now be commanded to place them in such box. It is immaterial if ballots, which should have been placed in envelopes or in a particular box, were misplaced, even though in a box containing another kind of ballots, provided the misplaced ballots can now be identified and thus separated, recovered, and disposed of according to law.

Although mandamus for the purposes afforded by this writ is not authorized specifically by the Election Law, yet I think it may issue under the general power of the court thus to compel public officers to perform their full duties. People ex rel. McLaughlin v. Ammenwerth, 197 N. Y. 340–344, 90 N. E. 973; Baird v. Supervisors, 138 N. Y. 95, 33 N. E. 827, 20 L. R. A. 81; Matter of Stewart, 155 N. Y. 548, 50 N. E. 51; People ex rel. Maxim v. Ward, 62 App. Div. 531, 71 N. Y. Supp. 76. More specifically, I think that authority for the requirement as to the memoranda may be found in People ex rel. Maxim v. Ward, supra; People ex rel. March v. Beam, 188 N. Y. 266–271, 80 N. E. 921; People ex rel. Perry v. Board of Canvassers, 88 App. Div. 185, 84 N. Y. Supp. 406. The opinion in People ex rel. March v. Beam, supra, states that the writ commanded inter alia indorsements upon the ballots (188 N. Y. 269, 80 N. E. 921). And examination of the record in the Court of Appeals shows that the writ commanded the officials to indorse upon the unofficial ballots the statement that such ballots were objected to because marked for identification, and to specify over their signature that each of said ballots was objected to on the ground that it was unofficial and marked for identification (page 5). The writ was modified only in respect to the recanvass and to the proclamation.

People ex rel. March v. Beam, supra, is also authority to sustain the physical disposition of the ballots required by the writ.

[2] While mandamus will not issue for the doing of a vain thing or for a thing physically or mentally impossible, it should not be refused because it imposes a difficult task, or one which might upon attempt prove impossible. In the case at bar, the acts commanded are neither physically nor mentally impossible. Moreover, the order contemplates that effort may result in failure, in that it provides that, if the inspectors are unable to identify any of the ballots referred to, they shall so certify in their return. The presumption is that the officers will obey the whole command, which requires them to perform if they can, and

to certify their inability if they cannot. The argument of the eminent counsel for the appellant, with characteristic cogency and ability, after all but points out a difficulty of performance which, even if it reaches improbability, does not demonstrate impossibility. And, so long as the act may be possible, the consideration of difficulty, however grave, should not stay the court from the command.

[3-5] I do not understand that perforce of this writ these inspectors can recount or indirectly work a recount of the ballots already counted and returned by them. This would be contrary to law. People ex rel. McLaughlin v. Ammenwerth, supra; Matter of Hearst v. Woelper, supra. The canvass of the inspectors is not conclusive in any direct proceedings of the kind heretofore indicated. I think that the inspectors are not functi officio so far as the requirements of this order are concerned. Baird v. Supervisors, supra; People ex rel. McLaughlin v. Ammenwerth, supra; Merrill on Mandamus, § 185; People ex rel. Smith v. Schiellein, 95 N. Y. 132.

[6] It is not a matter of objection that this proceeding, although it relates to the office of a Representative in the Congress, is instituted in a state court. McCrary on Elections, p. 292; Merrill on Mandamus, § 183.

The order should not, however, authorize the officials to change or to erase or to strike out any writing which they have made heretofore, whereby they sought to comply with the requirements of the Election Law.

The order is modified as indicated, and as modified is affirmed, without costs.

The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Order modified in accordance with opinion by JENKS, P. J., and as so modified unanimously affirmed, without costs.

CARR, RICH, and PUTNAM, JJ., concur. Settle order before the Presiding Justice.