PEOPLE ex rel. BROWN v. BOARD OF SUP'RS OF SUFFOLK COUNTY et al. (HICKS, Intervener).

(Supreme Court, Appellate Division, Second Department. December 3, 1915.)

1. MANDAMUS ⊂⟆187—APPEAL—MODIFICATION OF WRITS—EFFECT.

Where, after the issuance of writs of mandamus, action is taken in accordance with them, and on appeal the court modifies the writs in whole or in part, its decision does not nullify them, but all portions not modified are still valid and binding.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 427–437; Dec. Dig. ⊂⟆187.]

2. ELECTIONS ⊂⟆253—COUNT OF VOTES—RETURN—DEFINITENESS.

Where the return shows 24 void ballots, and the envelope 6 ballots, with 18 unaccounted for, and the bundle taken from the box by the inspectors contains 29 ballots, 9 of which are blank, none of them can be counted, since it is impossible to determine which, if any, were counted before.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 229; Dec. Dig. ⊂⟆253.]

3. ELECTIONS ⊂⟆180—BALLOTS—IRREGULARITIES.

Where the voter, in voting for the office of Governor, placed a cross in the space occupied by the party emblem, instead of the proper square, the ballot is void also as to the candidate for Congress on the same ballot.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 151–155, 157; Dec. Dig. ⊂⟆180.]

4. ELECTIONS ⊂⟆260—COUNTING OF VOTES—RETURN—IMPROPER INDORSEMENT.

Where a package of ballots indorsed "blank" is subsequently by court order indorsed "wholly blank," but one of them contains a vote for a single office, it must nevertheless be counted.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 236; Dec. Dig. ⊂⟆260.]

---

⊂⟆For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. ELECTIONS ⬦260—COUNT OF VOTES—INDORSEMENTS—EFFECT.

Although ballots bear indorsements, "Void for [one office]; counted for other offices," made under court order, they cannot be deducted, since there were no original indorsements thereon.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 236; Dec. Dig. ⬦260.]

6. ELECTIONS ⬦260—COUNT OF VOTES—INVALID INDORSEMENTS.

Ballots bearing no mark of identification cannot subsequently be indorsed under court order, so as to require their deduction from the count.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 236; Dec. Dig. ⬦260.]

7. ELECTIONS ⬦260—COUNT OF VOTES—PARTIAL INVALIDITY—EFFECT.

Votes invalid for some offices, and so indorsed, are invalid for all, and must be deducted from the vote of other offices, if counted.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 236; Dec. Dig. ⬦260.]

8. ELECTIONS ⬦181—BALLOTS—IRREGULARITIES.

Where a ballot, having the appropriate blank space under an office and a square blacked out with ink, was marked by the voter who wrote in a name, and also made a cross in the black space, it is not invalid because of the extra cross, but must be counted.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 156; Dec. Dig. ⬦181.]

9. ELECTIONS ⬦194—BALLOTS—IRREGULARITIES.

Erasures in the column for marking a ballot invalidate it.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⬦194.]

10. ELECTIONS ⬦186—BALLOTS—IRREGULARITIES—VOTES FOR TWO CANDIDATES FOR SAME OFFICE—EFFECT.

Although a voter votes for two candidates for the same office, his ballot is nevertheless valid for all other offices.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 159; Dec. Dig. ⬦186.]

11. ELECTIONS ⬦194—BALLOTS—IRREGULARITIES—ERASURES.

An erasure on a ballot opposite one office vitiates the ballot for all offices.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⬦194.]

12. ELECTIONS ⬦194—BALLOTS—IRREGULARITIES—IMPERFECT MARKS.

A ballot bearing crosses so imperfect as to permit identification of the voter is invalid.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⬦194.]

13. ELECTIONS ⬦194—BALLOTS—IRREGULARITIES—ACCIDENTAL MARKS.

Where a ballot was accidentally marked by folding it when the ink was still wet, so as to transfer a mark, it is nevertheless valid.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⬦194.]

14. ELECTIONS ⬦181—BALLOTS—IRREGULARITIES.

Where a voter wrote in the name of one not on the ballot, above the proper space, the ballot was void.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 156; Dec. Dig. ⬦181.]

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

15. ELECTIONS ⚷═>260—COUNT OF VOTES—RETURN—INDEFINITENESS.
     Where a return of protested ballots does not show whether they were
counted, they cannot be counted again.
     [Ed. Note.—For other cases, see Elections, Cent. Dig. § 236; Dec. Dig.
⚷═>260.]

16. ELECTIONS ⚷═>305—COUNT OF VOTES—RETURN—REVIEW.
     Where the election inspectors returned that they were unable to identify
an alleged spoiled ballot, and the court below held that it should not be
counted, its finding will not be disturbed.
     [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 317-332; Dec.
Dig. ⚷═>305; Appeal and Error, Cent. Dig. § 142.]

17. ELECTIONS ⚷═>194—BALLOTS—IRREGULARITIES.
     A mark other than a cross on a ballot invalidates it.
     [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec.
Dig. ⚷═>194.]

18. ELECTIONS ⚷═>194—BALLOTS—IRREGULARITIES.
     Where a mark on a ballot is not a true cross, but is a substantial com-
pliance with the statute requiring a cross, the ballot is valid.
     [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec.
Dig. ⚷═>194.]

Cross-Appeals from Special Term, Suffolk County.

Mandamus by the People, on the relation of Lathrop Brown, against
the Board of Supervisors of Suffolk County and others, in which
Frederick C. Hicks intervenes. From an order on the counting of
certain ballots, the relator and the intervener appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON,
MILLS, and RICH, JJ.

Percy L. Housel, of Riverhead, for relator.

William D. Guthrie, of New York City (Leander B. Faber, of
Jamaica, and Joseph M. Belford, of Riverhead, on the brief), for in-
tervener.

PER CURIAM. Under section 381 of the Election Law (Consol.
Laws, c. 17), this proceeding deals with the protested or wholly blank
or void ballots of an election held in 1914 with respect to the vote
for relator and intervener, rival candidates for Representative in the
Congress. The proceeding was begun in November, 1914. It was
conducted at Special Term on November 19, November 24, and De-
cember 1, 1914, and on October 19 and 20, 1915. The relator and the
intervener both appeal from the final order of the court that directs
the board of county canvassers of Suffolk county to proceed forth-
with with the recount directed in accordance with said order.

The record is long. The learned Special Term declined to pass on
"findings" submitted by the relator embodying its conclusions. Such
conclusions must be sought both in many rulings and in the opinion of
the court. The printed briefs of the respective counsel are not drawn
so that the various contentions pro and con can readily be separated.
This is not stated by way of criticism, for evidently the briefs were
not exchanged, but simply to indicate the difficulty of marshaling the
arguments. Indeed, the printed points have been of great assistance

⚷═>For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the court. Many of the ballots, when offered, were held for further proof or consideration, and the final dispositions thereof were sometimes hard to seek.

During the proceedings the relator sued out many writs of mandamus to the boards of inspectors of election districts. These writs were executed, save with one exception. The intervener, however, appealed from the 46 orders granting these auxiliary writs of mandamus, but the orders were affirmed by us with some modifications. People ex rel. Brown v. Freisch and Others, 168 App. Div. 370, 960, 963, 153 N. Y. Supp. 277. The intervener appealed to the Court of Appeals. That court reversed the orders "in whole or in part" and remitted the cases to the Supreme Court for action in the proceedings in accord with the view expressed in the opinion. People ex rel. Brown v. Freisch, 215 N. Y. 356, 374, 109 N. E. 517. The present appeal was argued before us but a very few days ago. In view of the fact that each house is the judge of the election of its members, that this proceeding therefor but leads to the issue of a certificate of election, that the House of Representatives is about to meet, that there is a stay so far as these proceedings are concerned until our determination, and in recognition of our duty to make a speedy decision in any election controversy, we can but state our conclusions without much elaboration and without time for condensation.

[1] Ballots 427, 436, and 439, Tenth election district of the town of Huntington (relator's points, page 34; intervener's points, page 21): In this district the relator obtained an auxiliary writ of mandamus to the inspectors. He alleged in his petition, inter alia, that the inspectors had omitted to inclose in the envelope for void, protested, and wholly blank ballots 18 ballots containing votes adjudged as void; that the ballots adjudged and returned as void by the inspectors and not found in the envelope were replaced in the ballot box for valid ballots, and were in that box tied up in a separate bundle marked "Protested." As to this district the Court of Appeals held that the relator had sufficient foundation for the relief, and the order entered on the remittitur as framed by that court and then issued by the Special Term directed the issue of a writ to the inspectors to open the ballot boxes and to take therefrom a package of ballots tied in a separate bundle and marked "Protested," as alleged in the petition herein, if the same can be found therein, and to place them in the envelope of void, protested, and wholly blank ballots. The relator did not procure a writ under that order. It appears, however, that in obedience to the said original auxiliary writ the inspectors had removed from the box a bundle of ballots indorsed "18 spoiled ballots," but that it contained 29 ballots, of which 9 were blank.

It is insisted that the three said ballots, 427, 436, and 439, should be added to the vote of the relator, Brown. The learned Special Term was of opinion that the decision of the Court of Appeals "nullified and wiped out" all that was done under the original auxiliary writs. We are of different opinion. We think that, if the Court of Appeals had concluded that the orders were entirely wrong or legally ineffective, such conclusion would have been expressed in an absolute reversal.

But that court reversed the orders "in whole or in part" only, and remitted the matters to the Supreme Court for action in the proceedings in accord with the views expressed in the opinion. Such disposition, together with the fact that it declared a rule for the proceedings then pending, indicates that the court did not intend to "nullify or wipe out" the original orders. Our interpretation of the decision is that it in effect affirmed the orders under review so far as they commanded the doing of those things which that court held might lawfully be commanded, and that therefore there remained unaffected any writs of mandamus in so far as they commanded acts lawful within the decision of the Court of Appeals. The necessary consequence would be that all such acts heretofore done under such auxiliary writs remained in full force and effect.

[2] But the return in this instance shows 24 void ballots, and the envelope 6 ballots; there were 18 ballots unaccounted for. And the bundle or package taken from the box of ballots by the inspectors contains 29 ballots, of which 9 are blank. How can it be determined which of the other 20 ballots are the missing 18 void ballots? When identification fails, speculation steps in. We think that the said ballots could not be considered in this proceeding, and thus reach the same result as that reached by the Special Term. The disposition of the Special Term is therefore approved, and the contention that these ballots should be added to the vote of the appellant, Brown, should not prevail.

[3] Ballot 461, election district 4 of Easthampton (relator's points, page 29): The voter, in attempting to vote for a candidate for Governor, marked the voting cross in the space occupied by the emblem, instead of the blank space designed for the cross. We think, therefore, that this ballot should have been deducted from the vote for the intervener, Hicks (People ex rel. Wells v. Collin, 19 App. Div. 457–463, 46 N. Y. Supp. 701, affirmed 154 N. Y. 750, 49 N. E. 1102), in accord with the contention of the relator.

[4] Ballot 444, election district 5, Easthampton: The package of void, protested, and wholly blank ballots, that contained this ballot, contained 7 ballots, Nos. 444–450, inclusive. On ballot 445 was indorsed in indelible pencil writing "Blank ballots (and apparently in ink) 7." This writing was upon the ballots when, under the original auxiliary writ, they were taken from the ballot box. Under the command of that writ they were indorsed "Wholly blank," signed by the chairman of the inspectors. This ballot is wholly blank, save that there is a valid vote for the relator, Brown. Thus a ballot returned as "blank" and subsequently indorsed as wholly blank was not blank so far as the said relator is concerned, and we think that it should be counted for him and added to his vote.

[5] Ballots 465, 466, and 467, Fifth election district of Babylon (relator's points, pp. 29 and 30): The exhibit indorsed "Void ballots" contained 4 ballots, 465, 466, 467, and 468. The indorsements on 465, "Void for Gov.; counted for all other offices," on 466, "Void for State Treasurer; counted for all other offices," on 467, "Void for Lieutenant Governor; counted for other offices," and on 468, "Void

for Governor and Lieutenant Governor; counted for other offices," appear to have been made under the commands of an auxiliary writ of mandamus. It does not appear that there was any certain original indorsements upon these ballots. There is a penciled note, "Voted ballots," which is not explained. We think that within the rule of the Court of Appeals these ballots cannot be considered for deduction from the vote of the intervener Hicks, that the Special Term received them rightfully, and that the contention of the relator that these votes should be deducted from the vote of the intervener, Hicks, should not prevail.

[6] Ballots 473 and 475, election district 7, Babylon (relator's points, page 30): These ballots bear no indorsement, save those made under an auxiliary writ. We think that these ballots could not be considered for deduction from the vote of the intervener, Hicks, because it does not appear that there were any marks or indorsements on such ballots made on election night that would serve to identify them so that the inspectors could thus subsequently indorse them. See People ex rel. Brown v. Freisch, supra, 215 N. Y. at page 370, 109 N. E. 517. The contention of the relator that these votes should be deducted from the vote of the intervener, Hicks, should not prevail.

Ballots 482, 483, election district 1, Smithtown (relator's points, page 30): These exhibits were not submitted to us; at least we have been unable to find them anywhere in the mass of ballots brought into our court. Upon the record we think, for reasons similar to those stated as to ballots 473 and 475, that the ballots could not be considered for deduction from the vote of the intervener, Hicks. The contention of the relator that they should be deducted from the vote of the intervener, Hicks, should not prevail. We make similar disposition, for like reason, of ballot 487, election district 14 of Islip; of ballots 493, 494, 500, 501, 504, election district 2 of Riverhead; and of ballot 507 of election district 4 of Riverhead (relator's points, page 30), and the contention of the relator that they should be deducted from the vote of the intervener, Hicks, should not prevail.

[7] Ballots 151 and 153, election district 4 of Islip (relator's points, page 31): This district is within those excepted by the Court of Appeals in consideration of the petitions for auxiliary writs. See 215 N. Y. 370, 109 N. E. 517. The inspectors, obeying the original auxiliary writ of mandamus, returned that they had taken the ballots (marked Exhibits) 151, 152, and 153, and had indorsed thereon a memorandum of their ruling on the same as made. This, it seems to us, would have been a substantial compliance to the command of the amended order under the auxiliary writ. Examination of 151 and 153 shows that there is an improper mark in the space before the name of a candidate for Governor, and 153 contains also an improper mark in the space before the name of a candidate for Lieutenant Governor. The first indorsement, in lead pencil, which includes these two ballots, was in these words, "These three ballots protested for office of Governor," and then subsequent indorsements pursuant to the auxiliary writ are, "Protested and votes not counted for office of Governor, and blank for Member of Assembly and Coroner of Fisher's Island; votes count-

ed for all other offices on tickets," on 151, and "Protested and votes not counted for Governor, Lieutenant Governor, and State Treasurer; counted for all other offices on ticket," on 153, respectively. The third ballot is not in controversy, but we note that it was blank in all respects, with the exception of an unavailing mark not opposite the name of any candidate. As the ballots contain votes for the intervener, Hicks, we think that the court erred in refusing a deduction of these two votes from the vote for the said intervener, and that such deduction should be made in accord with the contention of the relator.

[8] Ballot 79, election district 13, Huntington (relator's points, page 37): In the appropriate blank space the voter wrote the name of his choice for Senator. The ballot contained a perpendicular row of spaces designed for the cross mark of the voter who intended to vote for any candidate whose name was printed upon the ballot. The particular space before the blank space thus used by this voter had been blacked out, inasmuch as it was not required, for the statute does not contemplate that, in addition to the writing in of the name, the choice of the voter thus writing should be indicated by a cross mark. See Attorney General's Report, 1907, page 55. Nevertheless, this voter apparently made a cross mark in the blackened square. We think that this is simply an attempt on the part of the voter to indicate his choice. He may well have thought that the space was there for marking and that the blackening thereof was due to careless or defective printing of the ballot. We think that it was error to hold the ballot void, and that it should be counted for the relator, Brown. See In re Garvin, 168 App. Div. 218, 153 N. Y. Supp. 549, 552. Therefore this vote should be added to the vote for the relator, Brown, in accord with his contention.

[9] Ballot 47, district 8, Huntington (relator's points, page 39): We think that there are erasures within the inhibition of the statute, and notably in the column of the votes for Governor, and that the court erred in not holding the ballot void, so that it should be deducted from the vote of the intervener, Hicks, in accord with the contention of the relator.

[10] Ballot 49, same district (relator's points, page 39): The vote for two persons for Governor renders the ballot void for that office, but it does not affect the vote thereon for the intervener, Hicks; otherwise, the ballot is unobjectionable and the court was right in holding it valid, and the contention of the relator that it should be deducted from intervener Hicks' vote should not prevail.

[11] Ballot 195, district 2, Southold (relator's points, p. 40): This ballot was vitiated by an erasure opposite the name of Charles S. Whitman. The court refused properly to have it counted for the relator, Brown, and therefore the contention of the relator that it should be added to the vote of the relator (page 40, brief) should not prevail.

[12] Ballot 122, district 3, Babylon (relator's points, p. 41): This ballot was void for the reason that some of the marks in the spaces opposite the names of the candidates are not the cross mark contemplated by the statute, but are defective and incomplete marks that

might well serve for identification. See Matter of Garvin, 168 App. Div. 218, 153 N. Y. Supp. 552. Therefore the contention of the relator that it should be added to relator Brown's count should not prevail.

[13] Ballot 150, district 2, Islip (relator's points, p. 42): We agree with the Special Term that this is a valid ballot, for the reason that the second cross thereon that appears near the name of the Progressive candidate for State Engineer was accidental, not a mark made by the voter, but caused by the heavy ink, incidental to the folding of the ballot, as determined by the Special Term. The court was right in counting the ballot for the intervener, Hicks, and the contention of the relator that this should not have been added to intervener Hicks' vote should not prevail.

Ballot 159, district 8, Islip (relator's points, p. 42): We think that the Special Term was right in holding the ballot valid in face of the objection that it contained erasures before the printed names of candidates for Coroner and Member of the Assembly, and therefore that the contention of the relator that this should not be added to intervener Hicks' vote because the ballot was void, should not prevail.

[14] Ballot 40, district 6, Huntington (relator's points, p. 42): As we understand the record, the Special Term held the ballot valid. The voter wrote the name of his candidate for Governor (which was not one of the printed names) in the space devoted to the name of a printed candidate, and underneath that printed name. The proper place was a blank space below the space thus written in, and separated from it by a printed horizontal line. Thus the voter did not write the name within the proper place as designated by the statute. We think that the ballot was void, and therefore that it was properly returned as such, and should not be added to the vote of the intervener, Hicks, and the contention of the relator that it was not a valid vote, and should not have been added to intervener Hicks' vote (43) is well made.

[15] Ballots 27 and 31, election district 6, Huntington (relator's points, p. 45): This district was also within the exceptions noted by the Court of Appeals. 215 N. Y. 370, 109 N. E. 517. A new auxiliary writ of mandamus was issued, and the inspectors returned thereto that they had opened the envelope of void and protested ballots and made search therein for the ballots containing votes adjudged to be void by them and for the ballots spoiled and returned by voters and canceled before delivery to voters, and that they were unable to indorse any of said ballots "with our rulings and cannot remember our rulings on any of said ballots." Ballots 27 and 31 bear no indorsements. The ballots themselves seem to be regular. The Special Term in its opinion says they were undoubtedly valid ballots so far as the markings upon them are concerned, but whether they should be added to intervener Hicks' count depended on whether they were voted and held by the inspectors to be void or not, and if they were not voted, but were either spoiled or canceled ballots, then the said intervener, Hicks, was not entitled to have them added to his count. The Special Term stated that the evidence does not satisfy it that the

ballots were voted, and therefore refused to add these ballots to the vote for the intervener, Hicks. We think that this conclusion should not be disturbed, and the contention of the relator that they were properly rejected is well made.

Ballot 178, district 14, town of Brookhaven (relator's points, page 47): We think that a sufficient reason for affirming the decision of the Special Term is that we cannot say that ballot 178 did not belong to a series of spoiled ballots returned by the voter. The contention of the relator that the vote was rejected properly when offered in addition to intervener Hicks' vote is sound.

[16] Ballot 224, district 6, Southampton (relator's points, page 49): The question presented is whether this was a spoiled ballot returned by the voter. Under the auxiliary writ of mandamus the inspectors returned that they were unable (one inspector to the contrary, who identifies 224) to identify the spoiled ballots. No writ was taken out under the order as settled by the Court of Appeals. The Special Term heard much testimony upon this subject, and finally decided that this ballot should not be added to the vote of the intervener, Hicks. We think that this conclusion should not be disturbed, and that the contention of the relator that the ballot was rejected properly by the court when offered for addition to intervener Hicks' vote is sound.

[17] Ballot 46, district 8, Huntington (intervener's points, page 28): We think that this ballot was void under the authority of In re Garvin, 168 App. Div. 218, 153 N. Y. Supp. 552, in that the mark in space before the Social Labor candidate for Attorney General is not the cross contemplated by the statute, and that the court erred in refusing to hold it void, and in refusing to deduct this ballot from the vote of the relator, Brown.

As to ballots 48 and 50, in said district, we agree with the disposition of the Special Term.

[18] Ballot 98, district 2, Smithtown (intervener's points, page 29): We think that the mark before the name of a candidate for Senator is substantial compliance with the requirement of a cross, that the Special Term was right in holding the ballot valid, and that the contention of the intervener that the ballot should have been held void and deducted from relator Brown's vote is not sound.

Ballot 161, Eighth district, Islip (page 29, intervener's points): The mark before the name of a candidate for County Treasurer is not a departure from the requirement of the cross. The Special Term was right in holding that the ballot was valid.

Ballot 113 (116?), district 2, Babylon (page 31, intervener's points): This is invalid for an erasure before the name of a candidate for District Attorney. Ballot 113 is invalid for a mark and erasure before the name of a candidate for a Lieutenant Governor. As we understand it, the Special Term so decided, upholding the inspectors. The vote should not be affected in any way by either of these ballots.

The order should be modified, in accord with this opinion, and, as so modified, it is affirmed, without costs, and the stay is vacated.

MILLS, J., not voting.