George C. Buell et al., Respondents, v. Benjamin T. Van Camp, The Orleans County National Bank, a subsequent judgment creditor, Appellant.

Where the affidavit, upon which an attachment was issued, stated that a cause of action existed in favor of plaintiff against defendant for an amount stated and then set forth the grounds of the claim, to wit, an indebtedness for goods sold to the amount specified, and also stated that no part had been paid but the whole was due and owing, *held*, that this was a sufficient compliance with the provision of the Code of Civil Procedure (§ 636) requiring a plaintiff, on application for an attachment, to show by affidavit that he "is entitled to recover a sum stated therein."

An attachment was applied for and granted, on the ground that the defendant had departed from the state with intent to defraud his creditors, which was alleged by plaintiff in his affidavit, on information and belief; he stated that the sources of his information and the grounds of his belief were the affidavits of two persons named, which he averred had that day been presented to the judge to whom the application was made and by him ordered filed. Copies of said affidavits were attached ; these contained statements of facts sufficient to show the departure with the intent alleged. *Held*, that the affidavit was sufficient to give jurisdiction to issue the attachment.

(Argued January 13, 1890 ; decided January 28, 1890.)

Appeal from order of the General Term of the Supreme Court in the fifth judicial department, made June 21, 1889, which reversed an order of Special Term vacating an attachment.

The facts are sufficiently stated in the opinion.

*H. E. Sickels* for appellant. To authorize the bank to make a motion to vacate the attachment it must show that it had "acquired a lien upon or interest in the defendant's property after it was attached by the plaintiffs;" this it did do (Code Civ. Pro. §§ 636, 682, 1216, 1246, 1370 ; *S. C. Bank* v. *Alkerger*, 75 N. Y. 179 ; *T. P. Co.* v. *Hart*, 85 id. 500.) To procure an attachment for breach of contract the plaintiff must show, by affidavit that he is entitled to recover a sum stated therein over and above all counter-claims known to him. (Code Civ. Pro. § 636; *Marine Bank* v. *Ward*, 35 Hun, 395 ; *Smith* v. *Davis*,

29 id. 306; *Thorington* v. *Merrick*, 101 N. Y. 5.) All the allegations to show that the defendant had left the state to defraud his creditors or to avoid the service of a summons are upon this information, and no reason is given why the affidavits of the informants are not produced. Such evidence gave no right to an attachment. (*S. C. Bank* v. *Alberger*, 79 N. Y. 252; *Bennett* v. *Edwards*, 27 Hun, 352; *Buhl* v. *Ball*, 41 id. 61; *Marine Bank* v. *Ward*, 35 id. 395.) There was no error in not allowing plaintiff at Special Term to read his own affidavit in evidence to show that the "original affidavits of Jerome and Kelsey were in the actual presence of the judge and then considered by him," when the attachment was created. (Code, §§ 636, 639.)

*Horace McGuire* for respondents. The moving papers did not show that the bank was in a position to assail our attachment. (*Sutton* v. *Dillaye*, 3 Barb. 529; 5 Civ. Pro. Rep. 191; Code Civ. Pro. § 1250; *Herman* v. *M. Ins. Co.*, 81 N. Y. 184; 2 Rumsey's Pr. 570; *Finn* v. *Smith*, 93 N. Y. 91.) It was error in the Special Term to refuse to allow plaintiffs to read supporting affidavits upon the motion papers. (*Godfrey* v. *Godfrey*, 75 N. Y. 434; *Ives* v. *Holden*, 14 Hun, 402.) The Special Term should have sustained the plaintiffs' attachment upon the papers. (*Stevens* v. *Middleton*, 26 Hun, 470; *James* v. *Richardson*, 39 id. 399; *Bennett* v. *Edwards*, 27 Hun, 353; *Whitney* v. *Hirsch*, 39 id. 325; *Colvert* v. *Van Valen*, 6 How. Pr. 102.) The affidavits contained sufficient evidence to call upon the officer granting the attachment to exercise his judgment upon the weight of the evidence to establish the grounds of the application. (1 Rumsey's Pr. 510, 511; *In re Bliss*, 7 Hill, 187; *Haebler* v. *Bernhart*, 26 N. Y. S. R. 230; *Bennett* v. *Edwards*, 27 Hun, 352.)

EARL, J. This is an appeal from an order of the General Term reversing a Special Term order, which set aside plaintiffs' attachment granted by a county judge, on a motion made by the Orleans County Bank, a subsequent judgment creditor of Van Camp.

Upon its motion at the Special Term, the bank used some affidavits; but in its notice of motion it was expressly stated that " the court will be asked to vacate the attachment upon the papers upon which it was granted by the county judge, and that the other papers will be read only for the purpose of showing its right to make the motion." The plaintiffs offered to read additional affidavits in support of the attachment in opposition to the motion, which the court declined to receive. The General Term, as appears from the opinion there pronounced, reversed the order of the Special Term on the ground that it declined to hear the additional affidavits offered to be read by the plaintiffs. But as the ground of the reversal does not appear in the order, we may assume here that the reversal was upon any ground justified by the facts of the case.

We are, however, of opinion that the original affidavit was sufficient to uphold the attachment.

The Code (§ 636) requires the plaintiff applying for a warrant of attachment, to show by affidavits to the satisfaction of the judge granting the same, among other things, that one of the causes of action specified in the preceding section exists against the defendant; and "if the action is to recover damages for breach of a contract, the affidavit must show that the plaintiff is entitled to recover a sum stated therein, over and above all counter-claims known to him." It is claimed on the part of the appellant that this provision of the section was not complied with.

The affidavit on which the attachment was granted was made by one of the plaintiffs, and in it he stated that a " cause of action exists in favor of said plaintiffs against said defendant, for which said action is commenced, and that the amount of the plaintiffs' claim in said action is $817.13, and interest from the 11th day of June, 1888, over and above all counter-claims and set-offs known to deponent, and that the grounds of said claims and cause of action are, as follows." Then it is stated that on the 13th of January, 1888, and between that date and the 18th day of May, 1888, the plaintiffs sold and delivered to the defendant certain groceries to the amount of $420.46, includ-

ing interest, which defendant agreed to pay, and which he had failed to pay, and that that sum was due and owing; that on the 18th of February, 1888, the defendant made his promissory note in writing whereby he promised to pay plaintiffs the sum of $389.17, for value received, and delivered the same to them who are now the owners and holders thereof; that the note was given for groceries to the full amount thereof, theretofore sold and delivered to the defendant. These allegations are a sufficient compliance with that portion of the section above quoted and show that the plaintiffs were entitled to recover the sum stated in the affadavit, over and above all counter-claims known to them.

The ground upon which the attachment was applied for was, that the defendant had departed from the state to defraud his creditors and to avoid the service of a summons. It is alleged in the affidavit made by Buell, one of the plaintiffs, "that the defendant has departed from the state of New York, where he resided June 9, 1888, with intent to defraud his creditors and to avoid the service of a summons upon him; that this allegation is made upon information and belief, and the sources of deponent's information, and the grounds of deponent's belief, are the affidavits of Hiram Jerome and Addison Kelsey, verified June 11, 1888, and that day presented to the judge of Orleans county, and ordered filed in Orleans county clerk's office, copies of which are hereto annexed, and deponent refers to said original affidavits as a part of this affidavit."

The affidavit of Jerome is as follows:

"Hiram Jerome, being duly sworn, says that he resides in Carlton, N. Y.; that he is a brother-in-law of Benjamin F. Van Camp, and lives just across the road from the said Van Camp; that this afternoon deponent called at the late home of said Van Camp and found that he was absent therefrom; deponent found the wife of said Van Camp weeping and seeming in great grief, and she would not tell where said Van Camp was or talk on the subject. Deponent met his own wife coming from the house of Van Camp as he went in (deponent's wife is a sister of Van Camp's wife) and deponent's wife

informed deponent then and there that said Mrs. Van Camp had just received a letter from Van Camp, stating that he was in Elgin, Canada, and that in a few days they would find out why he had left. Deponent says he was on the most intimate terms with Van Camp, saw him frequently, and was in Albion the day said Van Camp left for Canada, but that deponent had no information or knowledge that Van Camp had any intention to go to Canada; that deponent has talked with the members of said Van Camp's family upon the subject of his departure, and none of them knew of his intention to go to Canada, or that he was in Canada until said letter was received; that the affidavits of the members of said Van Camp's family, or of deponent's wife, is not produced because none of them are accessible."

And the affidavit of Kelsey is as follows :

" Addison Kelsey, being duly sworn, says that he is one of the heirs and legatees of Amos Kelsey, late of Gaines, N. Y., deceased, and that Benjamin F. Van Camp was executor of the will of said Amos Kelsey; that the business of the estate was substantially closed a long time ago; that some time ago the deponent, with others interested in the said estate, filed a petition with the surrogate of Orleans county, to whom jurisdiction in the matter belonged, praying that said Van Camp be ordered to show cause why he should not render his account as such executor; that thereupon an order was made by said surrogate returnable before him at ten o'clock this morning, addressed to said Van Camp, ordering him to show cause on the return thereof why he should not render his account as such executor; that said order was personally served upon said Van Camp in due time; that this morning said Van Camp did not appear upon the return of said order nor did any person on his behalf, and that an order has been taken revoking his letters testamentary; that deponent has been informed by one Britton, who keeps a boarding stable in the village of Albion, that said Van Camp left his horse and buggy there, with which he had come from his country home to the village on that day, and that he had not called for them, and that said Van Camp's family have

come to-day and taken the horse and buggy away; that he is informed by one Edward Rimsom that he saw said Van Camp go on the train that passes west towards Canada from Albion at half-past three last Saturday afternoon; that deponent has inquired of the relatives and neighbors of said Van Camp, and that it is generally believed by them and it is currently reported that he has departed with intent to cheat his creditors; several attachments have been obtained and that said Van Camp was very largely indebted."

Hearsay evidence is generally excluded upon the trial of issues of fact in actions. As a rule, it is not good common law evidence. But in collateral proceedings or matters of practice, where orders in the progress of actions are applied for, judges frequently act upon facts stated upon information and belief. In such proceedings absolute certainty is not expected; the evidence is sufficient if convincing and satisfactory, is usually by affidavit, *ex parte*, and is not subjected to the test of cross-examination. All that is required is that the information furnished by the affidavit shall be such that a person of reasonable prudence would be willing to accept and act upon it. The mere averment, however, of a fact upon information and belief without more is not sufficient; but the sources of the information and the grounds of the belief must be stated so that the judicial officer to whom the affidavit is presented may judge whether the information and belief have a proper basis to rest on; and if he is satisfied that they have, then the affidavit is sufficient to invoke his jurisdiction and to be submitted to his determination. And such is the rule recognized we believe in all the cases on this subject. The rule which requires an affidavit to state the sources of the information and the ground of belief, implies that with such statements the affidavit will be sufficient, although the affiant has no personal knowledge of the principal facts necessary to be established.

We must assume that the affidavits of Jerome and Kelsey, while not made in this action, were legally made in some judicial proceeding, and that they were before the judge granting the attachment. The statements contained in those affi-

davits, therefore, all have the sanction of a legal oath. Those statements are sufficient to show that Van Camp had departed from the state with intent to defraud his creditors and to avoid the service of summons.

We are, therefore, of opinion that the affidavit of Buell, which gave, as the source of his information and the ground of his belief, the averments contained in those affidavits, was sufficient to give the county judge jurisdiction to issue the attachment. Hence the General Term had jurisdiction to reinstate the attachment, and its order is not reviewable in this court.

The appeal should, therefore, be dismissed with costs.

All concur.

Appeal dismissed.