(25 Misc. Rep. 444.)

PEOPLE ex rel. WATKINS v. BOARD OF CANVASSERS OF ONEIDA COUNTY et al.

(Supreme Court, Special Term, Onondaga County. December, 1898.)

1. MANDAMUS—AFFIDAVIT—TITLE.
     Under Code, § 728, providing that a defect in the title of an affidavit does not impair it, if it intelligibly refers to the proceeding in which it is made, an affidavit for mandamus, entitled in a regular proceeding as though the writ had been actually issued, is not defective, where the body of it correctly states its nature and object.

2. SAME.
     The fact that an affidavit for mandamus inadvertently described the number of a senatorial district incorrectly does not invalidate it, where the district intended clearly appears from other allegations.

3. SAME—BOARD OF CANVASSERS—VOTES—RECOUNT.
     Under Election Law, § 114, authorizing mandamus to compel a board of canvassers to make a recount of votes, the fact that the board is still engaged in canvassing the vote is not ground for delaying the proceeding.

4. SAME.
     An affidavit for mandamus, stating essential facts on information and belief, is insufficient.

Application by the people, on the relation of Thomas D. Watkins, for peremptory mandamus against the board of canvassers of Oneida county and Henry J. Coggeshall. Denied.

William Kernan, for application.

S. M. Lindsley, for board of canvassers.

E. H. Risley, George C. Morehouse, and George E. Dennison, for defendant Coggeshall.

HISCOCK, J. This proceeding involves a contest over the office of state senator for the Thirty-Fourth senatorial district, comprising the county of Oneida; the relator, Watkins, being one candidate, and the defendant, Coggeshall, the other. It is claimed by the relator that certain ballots, which were objected to as marked for identification and as defective, have been erroneously counted, and that certain other ballots have been returned as marked for identification and defective, and erroneously not counted; and upon these general claims it is sought to obtain a writ of peremptory mandamus, to, in effect, review said ballots and the count thereof made. The board of canvassers does not oppose the application. The defendant Coggeshall does.

The election law prescribes what shall be defective and void ballots. It also provides that the inspectors of each election district

shall incorporate in their returns for that district a statement of ballots which have been counted by them, although protested as marked for identification, and also a statement of the ballots which have been treated as void and not counted. It further provides—at least, in an election such as that now under consideration—that the original statements or returns of the various election districts, and the ballots counted, although protested, and rejected and not counted because void, shall be returned to and filed with the county clerk immediately after election. In addition to those other provisions of said law which relate to the canvass from such original statements (and certified copies where original statements cannot be procured) by the board of supervisors as a board of canvassers, there is the following provision (section 114):

"If any certified original statement of the result of a canvass in an election district shall show that any of the ballots counted at an election therein were objected to as marked for identification, a writ of mandamus may, upon the application of any candidate voted for at such election in such district, within twenty days thereafter, issue out of the supreme court to the board or body of canvassers, if any, of the return of the inspectors of such election, and otherwise to the inspectors of election making such statement requiring a recount of the votes of such ballots," and "a like writ may in the same manner be issued to determine whether any ballot and the votes thereon which has been rejected by the inspectors as void, shall be counted."

It is under this section that the writ is asked for upon an order to show cause.

Several objections, preliminary, and touching the sufficiency of the affidavits upon which the order to show cause was granted, are presented. It is urged that said affidavits upon the application to secure the writ have been entitled in a proceeding as though the writ had been actually issued, and are void; that at the time when they were made there was no proceeding in which they could be so entitled. There seem to be some decisions which incline to this view, but they are old, and for the most part of the lower courts. They do not lead me to sustain this objection in this case. Section 728 of the Code provides that want of a title, or a defect in the title of an affidavit, does not impair it, if it intelligibly refers to the action or special proceeding in which it is made. The affidavit of the relator, Watkins, although, as stated, entitled in a regular proceeding, correctly shows, in the body of it, its nature, and to what it relates. It contains certain allegations, and then a clause or prayer asking that the writ of mandamus issue. This being so, and the affidavit showing clearly its nature and purpose, it should not, I think, be held void, even though there is some irregularity in its title.

It is urged, likewise, that the affidavit in question described incorrectly the senatorial district under consideration as the Twenty-Fourth district, which is situated far distant from Oneida county, and outside of this judicial district. This, however, is clearly an inadvertence; and, aside from the judicial notice which the court is entitled to take of the lines of senatorial districts, the other allegations of the affidavits presented make it clear that it is the Thirty-Fourth senatorial district, consisting of the county of Oneida, which is intended.

The further objections, that the inspectors of election in the various

districts are necessary parties to this proceeding, and that this proceeding should not be entertained while the board of canvassers are still engaged in canvassing the votes, are not well founded. The statute in question, and from which I have quoted, expressly provides that in a case such as this the writ shall be directed to the board of canvassers, and not to the inspectors of election. The fact that the board of canvassers is still engaged in canvassing the vote, and in having certain corrections made in the returns of the inspectors, is not a ground for delaying this proceeding. The time within which it must be taken is limited to 20 days from election, and it would often be impossible to bring it within that time, if delayed until a complete canvass of the votes had been made; and, furthermore, there is no reason why a proceeding to have a recount of the ballots, such as those now under consideration, should be delayed until after the board of canvassers has gotten through with its labors. They have no power of their own motion to reconsider or recount such ballots. They have the right, under the statute, to cause the correction of certain clerical and immaterial errors in the statements returned by the inspectors of election, but power to do what it sought in this case only under the direction of the court. It would therefore be futile to delay these proceedings upon any theory of giving the board of canvassers an opportunity to consider these questions.

There is some force in the suggestion that relator is trying to obtain upon one application two distinct writs of mandamus; it being provided by the statute that one writ should issue for a recount of protested ballots counted, and another for the recount of ballots rejected and not considered. This, however, probably is an irregularity which, if at all material, could be cured by issuing the writs separately, although upon one application.

The disposition of these questions brings me to the consideration of the other one which has been raised, and which goes to the substance of this application, namely, whether the affidavits furnish a sufficient foundation upon which to issue this writ. I have reached the conclusion that they do not. To secure it, it was incumbent upon the applicant, among other things, to show that protested or defective ballots had been improperly counted, and that valid ballots had been improperly rejected and not counted. Substantially all of the allegations by which it is sought to establish these grounds are found in the affidavit of Mr. Watkins, and they are all upon information and belief, without any statement whatever of the sources of his information or the grounds of his belief. We have, in the first place, an allegation, upon information and belief, that "the original certified statement of the result of the canvass made by the various boards of inspectors of the Thirty-Fourth senatorial district at the last election shows that 110 ballots were counted by said various boards of inspectors of said district, which were objected to as marked for identification; that 490 ballots were rejected as void by said various boards." Also, the further allegation, upon information and belief, that the table set forth in the affidavit shows the total number of ballots that were objected to as marked for identification, and the total number that were rejected as void, and the various election districts in which

they were so objected to and rejected. There is not anywhere in the affidavit a positive allegation that a single ballot in the entire senatorial district has been improperly counted or improperly rejected, and there is not anywhere in it an allegation, upon information and belief, giving the sources of such information and belief. The statements returned by the various boards of inspectors have presumably been with the county clerk since immediately after election, in accordance with law, and concededly have been before the board of canvassers and open to inspection since November 21st; so that no reason is apparent why definite proof should not be furnished to the court, upon this application, of the faults and errors in the count of ballots covered by the statute in question. There are one or two allegations in the affidavit of Mr. Kernan referring to these statements of the board of inspectors, but nothing which supplies this omission; and the question is therefore fairly presented whether a writ such as is asked for here should be issued upon allegations based merely upon information and belief, and not substantiated in any other manner. As stated before, the law seems clearly against so doing. The entire tendency of the courts is to require, in affidavits which are to be made the basis of important orders and remedies, the same kind of direct and legal statements of facts which would be required from a witness upon the stand, or, where that cannot be had, and statements based upon hearsay must be resorted to, a fortification of those statements by a clear recital of the information upon which they are based. The application of this rule is so familiar in many classes of applications as to require but the briefest possible reference to it. No warrant of attachment, injunction order, order appointing receiver, replevin process, or order for the examination of a party or witness before trial, could endure review for a moment, if based only upon affidavits setting forth the essential jurisdictional facts merely upon information and belief. There are other illustrations. In Mowry v. Sanborn, 65 N. Y. 581, the question was raised of the sufficiency of an affidavit of service of notice which was made upon information and belief. This was held insufficient, and in holding it so the court said what is pertinent here:

"It may, as a general rule, be safely affirmed that, in the sense of the law, a general assertion of a fact in an affidavit upon information and belief proves nothing. A witness would not be allowed, on the trial of a cause, in any court, to give evidence of a fact which he only knew from information derived from another, or which he simply believed to be true. The commonest process, in our courts, designed to affect the property or person of a party, which do not issue of course, cannot be properly obtained upon sworn statements made upon information and belief only."

And again, in Re Parrish, 28 App. Div. 24, 50 N. Y. Supp. 735, which was an appeal from an order vacating an order requiring a third party to appear and be examined concerning the property of a judgment debtor, the court held that an affidavit setting forth the necessary facts upon information and belief alone was not sufficient. The court said:

"It is irregular and insufficient, unless the sources of information and grounds of belief appear in the affidavit, so that the court may judge of the sufficiency and strength of the information and belief of the affiant. This is

a general rule pertaining to all affidavits upon which it is sought to obtain attachments, injunctions, and other important orders," etc.

No reason is apparent why this reasoning should not apply to and cover an application for a writ of peremptory mandamus. It is an important and somewhat special form of relief. In this particular case, if granted, it would involve important and extensive proceedings, and, while this would be no reason for not granting it in a proper case, it does emphasize the propriety of requiring clear proof upon which to issue it. As a matter of fact, the reasoning which has been applied to other kinds of applications have been applied to those for writs of mandamus. In Re Guess, 16 Misc. Rep. 307, 38 N. Y. Supp. 91, the rule is laid down that only positive statements of facts are considered in mandamus proceedings; unspecific and indefinite statements and denials, or statements and denials upon information and belief, are worthless. And again, in People v. City of Brooklyn, 149 N. Y. 223, 43 N. E. 554, it is stated that "the only allegations contained in the relator's affidavit which are to be taken as true are the allegations of fact that are undisputed, and any allegation contained therein which is a mere conclusion of law should not be considered." In People v. Green, 1 Hun, 1, 6, it is clearly indicated that affidavits upon mere information and belief in regard to essential facts are insufficient. It is repeatedly held that positive and direct statements of fact in an affidavit upon an application for a writ of peremptory mandamus will not be regarded as properly denied or controverted by answering allegations which are indefinite, or upon information and belief merely. People v. City of Brooklyn, 77 N. Y. 503–511; People v. York, 31 App. Div. 530, 52 N. Y. Supp. 401, 1060; People v. Supervisors, 53 Hun, 255, 6 N. Y. Supp. 591. It is difficult to perceive how those principles of law which hold denials upon information and belief insufficient to prevent the granting of a writ of mandamus could conversely treat as a sufficient basis for issuing a writ allegations similarly made upon information and belief.

These views lead to a denial of the application for the writ. But that there may be no doubt about relator's right to review this decision. if he so desires, the order may expressly state that the writ is not denied as a matter of discretion, but upon the specific ground that the affidavits do not state facts sufficient to give the court jurisdiction, and to authorize the granting of the writ. Ordered accordingly.