In the Matter of the Application of CHARLES S. WHIT-
MAN, Respondent, for a Judicial Review of Ballots
under Section 381 of the Election Law.

### ALFRED E. SMITH, Appellant.

Elections — purpose and scope of section 381 of Election
Law — ordinary writ of mandamus authorized thereby —
when affidavit insufficient to warrant issuance of writ — court
cannot, under section 381 of Election Law, direct production
of protested, void or blank ballots — Appellate Division cannot,
under section 381, order judicial review of ballots cast — order
of Appellate Division modifying order is appealable of right
to Court of Appeals.

1. Section 381 of the Election Law (Cons. Laws, ch. 17) empowers
the court, under the requisite allegations in behalf of a candidate
voted for at an election and sufficient proof, to require, through a
writ of mandamus, the board of canvassers of the return of the
inspectors of election, to recanvass and correct the errors in the
original canvass of the protested, or void, or blank ballots. The
writ of mandamus so authorized is the ordinary writ and the ordinary
and established rules and procedure are applicable to it.

2. The applicant must, by written and verified allegations, present
to the court facts which, if true and unavoided by the defensive facts,
prove that he is under a grievance or injury which the writ would
remedy and that he is entitled to that remedy, and the averments
presenting those facts and essential to the issuance of the peremptory

1

writ cannot be upon mere information and belief of the affiant. Hence an affidavit, in a proceeding under this section, which does not aver that the inspectors of election made an error or omitted any duty, is insufficient to empower the court to issue a writ of mandamus.

3. Section 381 of the Election Law authorizes exclusively the application for the writ, and the order for and its issuance in accordance with the established rules relating to that remedy. It does not contain any provision empowering the court to order the custodian of the protested, void or blank ballots to produce those ballots to the court for any purpose. And the court cannot by the effect of any of its provisions direct the production of them.

4. No provision of section 381 empowers the Appellate Division to institute or order, as a proceeding, " a judicial review of the ballots cast," or to order the Special Term to enter upon and conduct such a review or, in the first instance, to order the Special Term to inspect or investigate the ballots or to order the custodian of the ballots to produce them before the Special Term, nor can the provisions of section 374 be made the basis of such an order where the proceeding was expressly and concededly commenced, and from the beginning has been opposed, under section 381.

5. The order of the Appellate. Division is one of modification (Code Civ. Pro. § 190, subd. 1) and also institutes a proceeding distinct, independent and involving no further or future order; hence, an appeal may, of right, be taken to this court.

*Matter of Whitman*, 185 App. Div. 571, reversed.

(Argued December 4, 1918; decided December 10, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 29, 1918, which modified and affirmed as modified an order of Special Term granting a motion for a recanvass and a judicial review of ballots cast at the general election, held November 5, 1918, for the office of governor in a proceeding instituted under section 381 of the Election Law.

The facts, so far as material, are stated in the opinion.

*Abram I. Elkus, .James A. Foley, John Godfrey Saxe* and *Joseph M. Proskauer* for appellant. The Appellate Division has wholly misconceived the power and duty

of the courts to review the action of election officials. (Const. of N. Y. art. II, § 6; *Hearst* v. *Woelper*, 183 N. Y. 274; *Metz* v. *Maddox*, 189 N. Y. 460; *Tamney* v. *Atkins*, 209 N. Y. 202; 2 High on Injunctions [4th ed.], § 1312; Code Civ. Pro. §§ 1983, 1948; *Matter of Holle*, 160 App. Div. 369.) The moving papers are wholly deficient to sustain the issuance of a writ of mandamus. The only allegation of possibly material fact as to the void, blank and protested ballots is on information and belief with no statement of source of information or ground of belief. (*People ex rel. Karns* v. *Potter*, 176 App. Div. 330; *People ex rel. Brown* v. *Freisch*, 215 N. Y. 356; Saxe's Manual of Elections [Ed. of 1918], 227; *People ex rel. Watkins* v. *Board of Canvassers*, 25 Misc. Rep. 444; *Matter of Ordway*, 118 App. Div. 386; *People ex rel. McLoughlin* v. *Ammerwerth*, 197 N. Y. 340; 2 Fiero on Special Proceedings [3d ed.], 1177, 1444; *People ex rel. O'Brien* v. *Kruger*, 12 App. Div. 536; *People ex rel. Corrigan* v. *Mayor, etc.*, 149 N. Y. 223.) There is no proof whatever of any injury to the relator requiring remedy by issuance of a writ of mandamus. (*People ex rel. Perry* v. *Bd. of Canvassers*, 88 App. Div. 185; 2 Fiero on Special Proceedings [3d ed.], 1356; *People ex rel. Larkin* v. *Palmer*, 27 Misc. Rep. 569; *Matter of Coughlin*, 198 N. Y. 613; 137 App. Div. 283.)

*A. S. Gilbert* and *Emil E. Fuchs* for respondent. The order appealed from is not reviewable by this court. It is not a final order. If it be a final order it unanimously affirmed the order made at Special Term without modification within the meaning of section 191 of the Code of Civil Procedure. (*People ex rel. Feeny* v. *Board of Canvassers*, 156 N. Y. 36.)

COLLIN, J. Charles S. Whitman, the respondent, instituted this proceeding by presenting, under an order to show cause, to the Special Term of the Supreme Court

on November 25, 1918, an affidavit made by him. It stated, in effect: He was the candidate of the Republican party for the office of governor of this state at the general election of November 5, 1918; Alfred E. Smith was the candidate of the Democratic party for that office and other named persons were the like candidates of other named parties. In pursuance of the provisions of the Election Law inspectors of election in the various election districts in the county of Richmond made and filed statements of the results. It proceeded:

" That, as more particularly appears from the original statements of the result of the canvass filed by the Inspectors of ·Elections in the various Election Districts in the County above named with the Clerk of said County, certain of the ballots counted by such Inspectors were protested, or were canvassed as wholly blank or void. That a detailed statement of the number of such ballots protested or declared to· be wholly blank or void as returned by said Inspectors, and as more fully appears from the original of said return on file in the office of the Clerk of the County above named, is set forth on Schedule A, hereto annexed, which is hereby made a part of this application as if here in full set forth. That deponent is informed and believes that a number of said ballots declared void were so declared because voters made their marks in the voting spaces opposite both the Republican and Prohibition emblems, and were valid. It is impossible for deponent to give any more definite information on this subject, because he has not yet succeeded, owing to the opposition by Alfred E. Smith, in examining said ballots under Section 374 of the Election Law, and it will be impossible to have such examination and make this application in the time required by statute."

It stated further in effect: The result of the election, as certified by the various inspectors of election, is about

to be, or has been, or is in the process of being canvassed by the county canvassers in pursuance to the provisions of the Election Law and in order that their certificate shall be correct it is necessary that a judicial review of the ballots returned as wholly blank, protested and void be had under section 381 of the Election Law. It proceeded: " *Wherefore,* your deponent prays that a writ of mandamus issue pursuant to the provisions of Section 381 of the Election Law, requiring the Board of County Canvassers of the County above named to recanvass the said ballots returned as wholly blank, void or protested. That in order that a proper writ issue this Court direct the said ballots returned as wholly blank, void and protested to be brought before this Court and judicially passed upon. That the peremptory writ of mandamus thereupon issue in proper form directing the Board of County Canvassers to deduct from the total any ballots counted for any candidate for Governor which shall be found to be void and adding to said total any ballots cast for any candidate for Governor declared to be void by the Inspectors of Election, but found by this Court to be valid ballots, and likewise adding to the total any ballot cast for any candidate held by the Inspectors to be wholly blank which this Court shall find to have been a legal ballot cast for any candidate for Governor."

Schedule A annexed to it stated the number of void and the number of blank ballots in each election district in the county of Richmond. The aggregate number of the former was one hundred and seventy and of the latter two hundred and fifty-eight.

The application so made was opposed by the argument of counsel. The Special Term ordered: " That the said motion be, and the same hereby is granted, and it is further ordered, that the application of Alfred E. Smith to vacate the stay contained in said order against the

Board of County Canvassers of the County of Richmond be denied; and it is further ordered, that the canvass applied for by. the said Charles S. Whitman be begun before this Court at 10 A. M. on November 26th, 1918."

Upon the appeal of Alfred E. Smith, the Appellate Division made the order: " The order of the Special Term of the Supreme Court, held in and for the County of Richmond, at the Court House at St. George, Staten Island, N. Y., on the 25th day of November, 1918, and granted on said day, is hereby modified so as to read as follows: Ordered, that the said motion of Charles S. Whitman for a judicial review of the ballots cast be granted, and it is further ordered, that the Clerk of the County of Richmond produce the packages containing the protested, void and blank ballots at the special term of the Supreme Court for Richmond County at 10 A. M. on Monday, December 2, 1918, where these proceedings are pending. That upon the result of such judicial review a writ of mandamus may issue to the County Canvassers as the Special Term may direct. Upon consent of applicant's counsel in open court, the present stay against the County Canvassers is vacated without prejudice to any further application therefor, should it become necessary. · And as thus modified the order appealed from is affirmed, without costs. For the purpose of this proceeding, Mr. Justice FAWCETT is hereby assigned to the Special Term of Richmond County from and after December 2nd, 1918, at 10 A. M., until such proceedings shall be completed."

Section 381 of the Election Law (Cons. Laws, chapter 17) is: " Judicial Investigation of Ballots. If any statement of the result of the canvass in an election district shall show that any of the ballots counted at an election therein were protested or were canvassed as wholly blank or void, a writ of mandamus may, upon the application of any candidate voted for at such election in such

district, within twenty days thereafter, issue out of the supreme court to the board or body of canvassers, if any, of the return of the inspectors of such election district, and otherwise to the inspectors of election making such statement, requiring a re-canvass of such ballots. If the court shall, in the proceedings upon such writ, determine that any such ballot was improperly canvassed, it shall order the error to be corrected. Boards of inspectors of election districts, and boards of canvassers, shall continue in office for the purpose of such proceedings."

Its purpose and scope are not obscure or doubtful. The courts must adhere to and cannot enlarge them. (*Matter of Tamney* v. *Atkins*, 209 N. Y. 202.) In no class of litigations is a strict and impartial adherence to the established rules of procedure and legal principles more essential or conservative of public quietude and respect for law than in the class in which is the case at the bar. The electors of the several parties and their candidates are justly and wisely sensitive to any departure of the courts from such adherence. The section empowers the court, under the requisite allegations in behalf of a candidate voted for at an election, and sufficient proofs, to require through a writ of mandamus the board of canvassers of the return of the inspectors of election to re-canvass, and correct the errors in the original canvass of, the protested or the void or the blank ballots.

The writ of mandamus authorized by section 381 is the ordinary writ. (*People ex rel. Hasbrouck* v. *Supervisors, Dutchess Co.*, 135 N. Y. 522; *People ex rel. Bantel* v. *Morgan*, 20 App. Div. 48; *People ex rel. Perry* v. *Board of Canvassers, Sullivan Co.*, 88 App. Div. 185.) The legislature did not, by the language of the section, invest it with unique or extraordinary characteristics. The ordinary and established rules and procedure, statutory, at common law and judicial, authorizing and regulating the issuance of a writ of mandamus are applicable to it.

There is no provision of the section 381 or of the Election
Law inconsistent with such conclusion.   In enacting the
section, the legislature did not intend or contemplate, and
the section does not enact, that the candidate, through
his mere expressed wish, can move the court to act as
a supervising or appellate canvasser of the protested,
void or blank ballots, or to enter upon a judicial investi-
gation of those ballots in order to ascertain, for any
use or end, what result would ensue.   The court can
be moved only by allegations of the nature and quality
essential, under the settled rules, on the part of an
applicant for the issuance of the writ of mandamus as
provided by the common law or by the Code of Civil
Procedure.   (Sections 2067–2090.)

   It is neither necessary nor useful to attempt to state
those rules.   They are known to the counsel at the bar.
A fundamental rule is that an applicant for the writ
of mandamus must, by written and verified allegations,
present to the court facts which, if true and unavoided
by the defensive facts, prove that he is under a grievance
or injury which the writ would remedy and that he is
entitled to that remedy.   A writ of mandamus issues only
where a clear legal right is made to appear.   (*People ex
rel. McMackin* v. *Board of Police, N. Y. City*, 107 N. Y.
235; *People ex rel. Stevens* v. *Hayt*, 66 N. Y. 606.)   The
function of the courts is to determine actual controversies
between litigants.   The law is practical and has as its
purpose to adjudge, through just and general principles
and precedents, investing it with certitude and continuity,
the actual disputes growing out of the conduct and
transactions of those under its jurisdiction.   (*Matter of
Resolution State Industrial Commission*, 224 N. Y. 13;
*Blanchard* v. *Blanchard*, 201 N. Y. 134.)   A suitor to
the courts must present a grievance in the contemplation
of the law and the facts from which it arises.   Another
established rule is that the averments presenting those

facts and essential to the issuance of the peremptory writ of mandamus cannot be upon the mere information and belief of the affiant. Our present chief judge, while Justice HISCOCK, in a proceeding like unto this at bar, well said: " The entire tendency of the courts is to require in affidavits which are to be made the basis of important orders and remedies the same kind of direct and legal statements of facts which would be required from a witness upon the stand, or where that cannot be had and statements based upon hearsay must be resorted to, a fortification of those statements by a clear recital of the information upon which they are based," and applied the rule to the case before him. (*People ex rel. Watkins* v. *Board of Canvassers, Oneida Co.*, 25 Misc. Rep. 444, 448.) This is in accord with our decisions. (*Buell* v. *Van Camp*, 119 N. Y. 160; *People ex rel. Frost* v. *N. Y. C. & H. R. R. R. Co.*, 168 N. Y. 187.) We must, therefore, give no heed to statements of the affidavit of Mr. Whitman made upon mere information and belief.

The affidavit, obviously, did not empower the court to grant the order directing the issuance of the writ of mandamus. A detailed analysis of its contents and the expressed application to them of the rules we have stated are unnecessary. The affiant did not aver that the inspectors of elections made an error or omitted any duty. The court was bound, on and for the purpose of the application, to presume that everything was rightfully done by them until some evidence was produced to show the contrary. The general presumption is that an official does no act contrary to his official duty, or omits no act which his official duty requires. (*Matter of Marcellus*, 165 N. Y. 70.) From the facts stated in the affidavit, no grievance nor injury to Mr. Whitman arises, there is no wrong shown and, therefore, none to be remedied and no subject-matter upon which the writ

could operate.   Section 381 authorizes exclusively the application for the writ, and the order for and its issuance in accordance with the established rules relating to that remedy.   It does not contain any provision empowering the court to order the custodian of the protested, void or blank ballots to produce those ballots to the court for any purpose.   And the court cannot by the effect of any of its provisions direct the production of them.   If, in the course of the proceedings upon the application for the writ of mandamus under section 381, the production and inspection or investigation of those ballots is deemed by the trial court, or Special Term, aidful or desirable, it can by its order secure those results by virtue of the provision, as follows, of section 437: " The packages of protested, void and wholly blank ballots shall be retained inviolate in the office in which they are filed subject to the order and examination of a court of competent jurisdiction, or to examination by a committee of the Senate or Assembly to investigate and report on a contested election of member of the Legislature where such ballots were cast at such election, and may be destroyed at the end of six months from the time of the completion of such canvass, unless otherwise ordered by a court of competent jurisdiction or unless such committee examination be pending."   It is manifest that the words of section 381, " In the proceedings upon such writ," are the equivalent of the words, " in the proceedings upon the application for such writ."   It follows from what we have written that the order of the Special Term was erroneously granted.   It should have dismissed the proceeding.

We turn now to the order of the Appellate Division.   In section 381 there is not the authorization to that court for any one of the provisions or directions of that order.   The section authorizes the application for, under proper verified averments, and the

issuance of the writ of mandamus, upon adequate proofs, under facts and a condition expressed by it and which at common law do not warrant the application or issuance. No provision of it empowers the Appellate Division to institute or order, as a proceeding, " a judicial review of the ballots cast," or to order the Special Term to enter upon and conduct such a review or, in the first instance, to order the Special Term to inspect or investigate the ballots or to order the custodian of the ballots to produce them before the Special Term. The proceeding presented to the Appellate Division is converted by its order into a proceeding independent of and unrelated to that provided by section 381. In truth and in fact the order institutes a new proceeding which is wholly without the authorization of that section, and as we have said, independent of and unrelated to the proceeding it provides. Neither the title in the order nor the intention of the court can destroy the reality. We must take cognizance of that which actually exists and must, therefore, regard and hold the order to institute a new and distinct special proceeding. To do otherwise would sanction the injustice of disregarding that which is substantial and actual and of being controlled by mere nomenclature and form.

Certain of my brethren, who concur in this opinion, hold the view that a provision of section 374 may be the basis of the order of the Appellate Division. The provision is: . " Any candidate shall be entitled as of right to an examination in person or by authorized agents of any ballots upon which his name lawfully appeared as that of a candidate; but the court shall prescribe such conditions as of notice to other candidates or otherwise as it shall deem necessary and proper." While the order, certainly, affords the relief or remedy thus provided, and which Mr. Whitman stated in his affidavit he had not yet succeeded in securing, we do not consider or determine

whether or not such view is correct, because the proceeding was expressly and concededly commenced, and from the beginning has been opposed, under section 381. The law does not permit a party or the court to abandon, for another, the theory upon which a proceeding or an action has been commenced and prosecuted. (*Racine* v. *Morris*, 201 N. Y. 240; *Stephens* v. *Meriden Britannia Co.*, 160 N. Y. 178.)

The respondent urges that the appeal to this court from the order will not lie, and for the two reasons: the order was unanimously made; it is not a final order. The first reason is answered by the fact that the order is one of modification and is within subdivision 1 of section 190 of the Code of Civil Procedure. The second reason is covered by the fact that the order instituted a proceeding distinct, independent and involving no further or future order.

The order of the Appellate Division and that of the Special Term should be reversed and the proceeding dismissed, without costs.

CRANE, J. The relator applied to the Supreme Court for a writ of mandamus directing a recanvass of void and blank ballots in certain election districts of Richmond county. An application was made under section 381 of the Election Law. After a hearing the motion was granted and a recanvass of these ballots directed. The Appellate Division modified the order granting the writ and allowed the relator to inspect the ballots and nothing more. If it should appear that they were erroneously disposed of then it was ordered that a mandamus might issue. It is claimed here that the Appellate Division had no power given it by the Election Law to make such an order and that the mandamus in the first instance granted by the Special Term was improper as not based upon sufficient facts.

There are two remedies granted by the Election Law, sections 374 and 381. Section 374 authorizes the examination of ballots, but does not provide any remedy in case the ballots are defective or improperly voted and counted. This section came from the Election Law of 1896, chap. 909, section 111. It referred only to the ballots contained in the sealed ballot boxes and read:

" They shall be preserved inviolate for six months after such election and may be opened and their contents examined upon the order of the supreme court or a justice thereof, or a county judge of such county. * * * "

The Consolidated Laws (Laws of 1909, chapter 22) contained the same provision which applied only to the ballots securely locked and sealed in the ballot box. By chapter 821 of the Laws of 1913, section 374 was amended by adding thereto a separate and distinct clause. It continued the provision already existing in the law as above stated, reading as follows:

" The boxes and packages so deposited shall be preserved inviolate for six months after the election, except that they may be opened and their contents examined upon the order of any court of competent jurisdiction," and extended the right of examination in these words:

" Any candidate shall be entitled as of right to an examination in person or by authorized agents of any ballots upon which his name lawfully appeared as that of a candidate; but the court shall prescribe such conditions as of notice to other candidates or otherwise as it shall deem necessary and proper."

This examination as of right applies to all ballots, those in the box as well as the protested, void or blank ballots.

Not only is this the plain reading of the provision but the change in the title of the section indicates that all ballots voted on election day were intended to be included in this quoted sentence.

Section 374, as found in the Consolidated Laws, is headed, " Preservation of Ballots not Void or Protested." Nothing is said in the section about keeping the protested ballots. The amendment of the section made in 1913 commenced with these words: " Preservation of ballots." It provides how the ballots voted shall be securely locked and sealed in boxes. It further provides: " The protested, void and wholly blank ballots shall be preserved as provided in section 437 of this chapter.". After these words follows the sentence above quoted that *any* ballot may be examined as of right. It is quite clear to my mind that this amendment of 1913 applied both to the ballots in the sealed boxes and to the protested, void or blank ballots.

Prior to the amendment of 1913 it was decided by this court that the provisions in the then existing law giving power to the courts to open the ballot boxes and examine the ballots was only to be used in judicial proceedings pending or about to be commenced. (*People ex rel. Brink* v. *Way*, 179 N. Y. 174; *Matter of Hearst* v. *Woelper*, 183 N. Y. 274; *People ex rel. Brown* v. *Freisch*, 215 N. Y. 356.)

This limitation no longer applies to the amendment of 1913. The examination is given as of right to a candidate whose name appears upon the ballot. (*Matter of Quinn*, 220 N. Y. 623.)

If this relator had applied for an examination of the ballots under section 374 of the Election Law as it now reads I am of the opinion that his papers were sufficient to have justified an order permitting such inspection.

His application, however, was made for a mandamus under section 381 of the Election Law. He is not entitled to the mandamus as a matter of right. This section applies only to the protested, void or blank ballots. It says that a mandamus *may* issue requiring the election inspectors to recanvass these ballots. The

facts, must, therefore, be set forth in the moving papers justifying the court in directing that mandamus issue. It is not sufficient to show merely that such ballots existed. It should appear that they have been improperly classified or counted. The general practice in applications for mandamus must be complied with and if facts are not stated upon knowledge but upon information and belief the sources of that information must be given. The papers in this case are defective in that the reason for the mandamus is stated upon information and no sources of information are set forth. The relator says that he believes that ballots marked opposite his name in two columns have been set aside as void or blank ballots. If this be so the relator would be entitled to a mandamus under section 381 (*People ex rel. Feeny* v. *Board of Canvassers, Richmond Co.*, 156 N. Y. 36) but the mere statement of his belief that such is the fact is insufficient. (*Buell* v. *Van Camp*, 119 N. Y. 160–165.)

The Appellate Division would, therefore, have been justified in reversing the order of the Special Term, but this it did not do. It made an order in a proceeding under section 381 for an examination of the ballots. No such right is given by this section. The order for the examination could have been made upon these papers, as I have above stated, under section 374, but no such application was made. This is a special proceeding allowing a recanvass. The relator has not applied for an examination under section 374, but believing that he had facts sufficient immediately applied for the mandamus.

It may be said that as he could have had an examination under section 374 upon these papers there is no harm in the order of the Appellate Division granting it to him although he has not asked for it. The answer is that in election matters the courts have no power to interfere with the count except as that power is conferred by statute, and then the statute must be carefully followed.

Here the statute allowed a mandamus to recanvass the votes and the relator has sought that remedy. He must fail because of the insufficiency of his papers. No authority is given for an order of examination in such special proceeding. The relator has not asked for an examination and inspection under the other provision of the law and the two should be kept separate and distinct. Under section 374 an examination only is permitted and no remedy provided for a recount as in section 381.

The order appealed from is, in my opinion, a final order. It authorizes an inspection and an examination of the ballots, as if the application were under section 374 of the Election Law.

For the reasons above stated the order appealed from should be reversed.

McLAUGHLIN, J. (dissenting). I am unable to concur with the majority of the court that the order appealed from should be reversed. The order is not a final one. It does not finally determine the special proceeding in which it was made. Therefore, this court has no jurisdiction to hear the appeal. (Code of Civ. Pro. sec. 190, subd. 1.) That it is not a final order seems to me clear when the provisions of the order and the statute under which the proceeding was instituted (Sec. 381 of the Election Law, as amended by chap. 821 of the Laws of 1913) are considered. This section reads as follows: "Judicial investigation of ballots. If any statement of the result of the canvass in an election district shall show that any of the ballots counted at an election therein were protested or were canvassed as wholly blank or void, a writ of mandamus may, upon the application of any candidate voted for at such election in such district, within twenty days thereafter, issue out of the supreme court to the board or body of canvassers, if any,

1918.]    Dissenting opinion, per McLaughlin, J.    [225 N. Y.]

of the return of the inspectors of such election district,
and otherwise to the inspectors of election making such
statement, requiring a recanvass of such ballots. If
the court shall, in the proceedings upon such writ, deter-
mine that any such ballot was improperly canvassed,
it shall order the error to be corrected. Boards of
inspectors of election districts, and boards of canvass-
ers, shall continue in office for the purpose of such
proceedings."

The respondent was a candidate for governor of the
state of New York at the general election held on
November 5, 1918. He presented a petition showing
that fact; that original statements of the result of the
canvass filed by the inspectors of election in the various
election districts in the county of Richmond with the
clerk of that county showed certain of the ballots counted
by such inspectors were protested or canvassed as wholly
blank or void; that a detailed statement thereof was set
forth in a schedule attached to the petition; and asked
that a writ of mandamus issue under the section of the
Election Law quoted, requiring the board of canvassers
to recanvass said ballots returned as wholly blank, void
or protested; and in order that such writ might issue,
the court order such ballots be brought before it and
judicially passed upon.

Upon this petition the other candidates for governor
and the board of canvassers of Richmond county were
ordered to show cause at a Special Term of the Supreme
Court, at a time and place named, in Richmond county,
why a writ of mandamus should not issue out of the
court directing the board of canvassers of Richmond
county to recanvass all such ballots returned by such
inspectors as being wholly blank, void or protested, and
why the court should not, for the purpose of issuing such
mandamus, judicially review all such ballots as required
by section 381 of the Election Law; and that the clerk

of Richmond county produce before the court, for judicial examination, on the return of the order, all said packages of void, protested and wholly blank ballots filed with him.

Upon the return of the order to show cause the relief asked for by the petitioner was granted. An appeal was then taken by the appellant, who was also a candidate for governor at the same election, to the Appellate Division, second department, which modified the order so that it should read as follows:

" Ordered, that the said motion of Charles S. Whitman for a judicial review of the ballots cast be granted, and it is further

" Ordered, that the Clerk of the County of Richmond produce the packages containing the protested, void and blank ballots at the Special Term of the Supreme Court for Richmond County at 10 A. M. on Monday, December 2, 1918, where these proceedings are pending. That upon the result of such judicial review a writ of mandamus may issue to the County Canvassers as the Special Term may direct." Application was made for permission to appeal to this court, which was denied, and the present appeal then taken.

This is a special proceeding instituted for the sole purpose of obtaining a judicial review of the protested, void and wholly blank ballots, to the end that if errors be discovered, the canvassers of Richmond county may be directed to correct same. The order appealed from is in the nature of a subpœna *duces tecum* requiring the clerk to produce the ballots in order that the court may determine whether the inspectors of election properly canvassed such votes. When the sealed packages containing these ballots are produced by the clerk in obedience to this order, they will be opened in the presence of the court and it will then determine whether errors have been made and if so an order will be made directing that

a mandamus issue, directed not to the clerk of Richmond county, but to the canvassers thereof, that they recanvass these ballots and correct the error which has been made. If errors be not discovered, then the application for the writ will be denied.  Such order, either granting or denying the writ, is the final one in this proceeding, since it terminates it.

A majority of the court, however, is of the opinion this is a final order under section 374 of the Election Law. This view, it seems to me, is erroneous and in effect this court has so held.  (*Matter of Smith* v. *Wenzel,* 216 N. Y. 421.)  Section 374 deals not with the recanvass or recount of any ballots.  It relates only to their preservation, and inspection by a candidate.  (*People ex rel. Brown* v. *Freisch,* 215 N. Y. 356.)  It provides that after the last tally sheet and returns are completed and all stubs and ballots, *except the protested, void and wholly blank ballots,* are replaced in the boxes from which they were taken, each box shall be securely locked and sealed and deposited by an inspector designated for that purpose with the officer or board furnishing it, together with the separate sealed packages of unused official ballots.  The protested, void and wholly blank ballots are never put into the boxes mentioned in section 374.  They are put into a sealed package by themselves (Section 369) and are required to be preserved as provided in section 437.

It is true that section 374 provides that any candidate shall be entitled as of right to an examination in person or by authorized agents of any ballots upon which his name lawfully appeared as that of a candidate.  But this application is not for an inspection of the ballots in the boxes which have been " securely locked and sealed." It is for a recount or recanvass by the court of the " protested, void and wholly blank ballots " put by themselves in a sealed package and delivered to the county clerk.

The object sought to be accomplished by the examination provided for in section 374 is to preserve evidence for use in an action in the nature of quo warranto to try title to public office and " thereby to sustain the underlying principle of the Election Law which prevents the courts from reviewing the ministerial work of inspectors and canvassers in counting and canvassing votes." (*Matter of Smith* v. *Wenzel, supra,* p. 425.)  No recount or recanvass is provided for or permitted.

Section 381 provides not for an inspection, but for a recount and recanvass by the court of the protested, void and wholly blank ballots.  (*People ex rel. Brown* v. *Freisch, supra.*)  It is a proceeding for the correction of error in the election district statement.  This court so held in *Matter of Smith* v. *Wenzel* (*supra,* p. 425) and *People ex rel. Brown* v. *Freisch* (*supra*).  The authority given to the court is limited to a review of the protested, void and blank ballots returned by the election officers in the sealed packages.  The court has no power to command a recount of all the ballots.  (*People ex rel. McLaughlin* v. *Ammenwerth,* 197 N. Y. 340.)  Its power is limited to a recount of (1) protested ballots; (2) void ballots, and (3) blank ballots.  The order appealed from is but a step in the proceeding instituted for the purpose of procuring a recount of such ballots.  There cannot be a final order in the proceeding until after the clerk produces these ballots and they have been recounted by the court.

The appeal, therefore, should be dismissed.  This view renders it unnecessary to pass upon the other questions discussed in the prevailing opinion.

CHASE, CUDDEBACK and HOGAN, JJ., concur with COLLIN, J.; CRANE, J., concurs in opinion; HISCOCK, Ch. J., and McLAUGHLIN, J., dissent and vote to dismiss the appeal on opinion by McLAUGHLIN, J., in which HISCOCK, Ch. J., concurs.

Orders reversed and proceedings dismissed.