In the Matter of the Application of MORRIS WEINFELD for an Order to Determine Any Questions Arising in Respect to the Protested, Wholly Blank or Void Ballots, and Their Preservation, Cast for the Office of Member of Assembly of the State of New York, Sixth Assembly District, New York County, at the General Election, Held on November 7, 1922, upon Which His Name Lawfully Appeared as Candidate for Such Office, Pursuant to Section 330 of the Election Law.

Supreme Court, New York Special Term, November, 1922.

Elections — reinspection of ballots — conflicting affidavits as to when marks were made on ballots — extent of reinspection granted — Election Law, § 330(4).

The legislature, by section 330(4) of the new Election Law (Gen. Laws, chap. 17, revised by chapter 588 of the Laws of 1922), neither intended nor declared that a candidate might move the court to act as a supervising or appellate canvasser of protested, void or blank ballots or to enter upon a judicial investigation thereof in order to ascertain what result would ensue.

Where upon an application under section 330(4) of the new Election Law for a reinspection of the ballots and other relief a charge made in one of the affidavits that in a particular election district a certain number of ballots were declared void because of being marked with a figure 1, which mark, however, the affiant swears did not appear upon said ballot when first opened, is denied in an answering affidavit made by one of the inspectors of election in that district, the court under section 335 of said statute will grant the order asked, for the purpose of determining whether the marking was made before or after the ballots were opened.

Except for this limited purpose and the appropriate order, if any, to be made in consequence, the application will be denied because the averments of the affidavits relating to other election districts are insufficient and mere conclusions of law.

APPLICATION for reinspection of ballots and for other relief.

*George W. Olvany (John Godfrey Saxe*, of counsel), for petitioner.

*Baker & Obermeier (Leonard J. Obermeier*, of counsel), for respondent Ullman.

*John P. O'Brien*, corporation counsel (*Russell L. Tarbox*, of counsel), for respondent Board of Elections.

MARSH, J.   The first question that arises on this application is whether or to what extent section 330, subdivision 4, of the new Election Law (Gen. Laws, chap. 17, revd. by Laws of 1922, chap. 588) gives aggrieved candidates greater or different rights to review protested, void and blank ballots than were secured to them under section 381 of the old law.   It was settled in *Matter of Whitman*, 225 N. Y. 1, that the jurisdiction of the court could not be invoked merely by a showing that protested, blank and void ballots are recorded on the election district returns, coupled with a request that they be recanvassed by the court.   It was further held in that case that the writ of mandamus provided for in former section 381 was like any other writ of mandamus, and could not issue without presentation of actual facts by means of verified allegations which, if true, and not avoided by the facts offered in defense, would show a clear legal right.   On behalf of the present petitioner it is argued that a new and simplified procedure has now been established and that a summary judicial review may be had for the asking.   No doubt a quick and simple method of obtaining a re-examination of the protested, blank and void ballots is desirable in the interest of accuracy and fairness in order to correct errors which may have been committed in the sometimes trying conditions of election night.   Otherwise the will of the electors may be either defeated or left too long in doubt.   No original power of review, however, has been given to the boards of canvassers, and the question now is to what extent has it been given to the Supreme Court.

I do not think it necessary to accept in full the contention of the petitioner in order to allow some effect to the changed language of the new statute.   As there is no express mention of a mandamus order (the writ of mandamus having been abolished by the Civil Practice Act), some of the technicalities attending the securing of such an order may have been obviated, especially through the operation of section 335.   Provided a *prima facie* case be set forth a petition on information and belief, like a complaint, is perhaps good enough when supported by oral proof, and the power to make a summary determination may have destroyed the conclusive force of alleged defenses.   Nevertheless, I still think it true that the legislature has neither intended nor declared, as said

in *Matter of Whitman, supra,* that a candidate " through his mere expressed wish, can move the court to act as a supervising or appellate canvasser of the protested, void or blank ballots, or to enter upon a judicial investigation of those ballots in order to ascertain, for any use or end, what result would ensue." A serious question might arise as to the constitutionality of an act which merely made the Supreme Court a recanvassing board. " The function of courts is to determine actual controversies between litigants. * * * A suitor to the courts must present a grievance in the contemplation of the law, and the facts from which it arises." *Matter of Whitman, supra,* 8.

It remains, therefore, to determine whether the petition and affidavits in this case present facts giving rise to a grievance within the contemplation of law. To avoid technicalities the affidavits and petition will be read together, like a complaint and bill of particulars. *Pease Piano Co.* v. *Taylor,* 197 App. Div. 468. The title and the prayer for relief, as well as the order to show cause, all indicate considerable vagueness as to the precise grievance. The wrong complained of is stated in general terms in the second part of paragraph 4 of the petition and consists of an allegation on information and belief that many illegal ballots, duly protested, were counted for the petitioner's opponent, and many legal ballots which should have been counted for the petitioner were declared void. The affidavits specify five election districts, but, with the exception of Altman's affidavit, to be referred to later, set forth nothing except the opinion of the several affiants that ballots which they saw canvassed by the inspectors were improperly counted or declared void, as the case might be. The facts on which these opinions are based are not disclosed. In no instance, except by Altman, is the nature of the error pointed out, or anything stated from which the court can see that under the circumstances the inspectors were wrong. It seems to me that such averments are insufficient and are mere conclusions of law. To entertain a petition based on nothing more specific would, in my opinion, be doing the thing discountenanced in the *Whitman* case, viz., making the court a mere appellate canvassing board. As already indicated, the question under consideration is not the desirability of a general recanvass of these ballots, but the function of the court in connection with such a recanvass. It would seem that if the petitioner has any real grievances he should have been able to acquaint himself with the facts through section 333, which is a proceeding of a distinct nature. *Matter of Whitman, supra.*

The affidavit of Altman, above referred to, charges that in the sixth election district twelve ballots were declared void because

of being marked with a figure 1, which mark, however, the affiant charges, did not appear upon them when first opened. This is denied in an answering affidavit by one of the inspectors of election in that district. Though under the former law the denial would have defeated the issuance of a writ of mandamus, I believe that the provisions of section 335 of the new law require me to entertain the petition for the purpose of determining whether the marking was made before or after the ballots were opened. If the right to relief is shown the cumbersomeness of the proceedings and the inconvenience to other litigants seem to be no excuse for refusing it. *People ex rel. Feeny* v. *Bd. of Canvassers*, 156 N. Y. 36. Except for this limited purpose, and the appropriate order, if any, to be made in consequence, the application is denied.

Ordered accordingly.