■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PUBLIC SERVICE MUTUAL INSURANCE COMPANY (for GERARD CALLAHAN, Also Known as GERARD MICHAEL CALLAHAN, JR., Principal), Respondent.— In a proceeding by the surety of a defendant in a criminal case to vacate a forfeiture of the defendant's bail and a judgment which was entered upon the forfeiture, which application was granted by an order of the Supreme Court, Queens County, dated July 17, 1972, the People appeal, as limited by their brief, from so much of a further order of the same court, dated July 18, 1972, as, upon reargument, adhered to the original determination. Order reversed insofar as appealed from, on the law and the facts, with $20 costs and disbursements; order dated July 17, 1972 vacated; and the surety's application denied. The action of the Criminal Term granting and setting bail was taken in accordance with the applicable statutory provisions, sections 552 and 555 of the Code of Criminal Procedure, and the order granting bail was therefore valid and enforcible, as was the order forfeiting bail, made after the failure of the surety's principal to appear for execution of the sentence previously imposed. The Criminal Term's granting of bail was founded upon its having valid reason to believe that the convicted defendant was eligible for bail since the transcripts of convictions showing his prior record of convictions, which were before the Criminal Term at the time it granted bail, showed that only one of defendant's two prior misdemeanor convictions was a selected offense specified in subdivision 4 of section 552 of the Code of Criminal Procedure, unlawful entry of a building. The other misdemeanor conviction was for violation of sections 1747-d and 1751-a of the former Penal Law, sale or possession of hallucinogenic drugs; and any violation of article 33 of the Public Health Law other than as specified in section 1751 of the former Penal Law, respectively, was not a selected offense as specified in section 552 of the Code of Criminal Procedure. Although further investigation of the papers of the Criminal Court of the City of New York made by the surety long after the forfeiture of bail was granted by the Criminal Term disclosed that the surety's principal's record of prior convictions before the Criminal Term was erroneous, because, through a clerical omission, it failed

to show that the principal's second misdemeanor conviction was for violation of a provision of article 33 of the Public Health Law relating to narcotics drugs, also a selected offense under section 552 of the Code of Criminal Procedure, this newly-discovered fact cannot serve to invalidate the Criminal Term's order granting the surety's principal's bail pending appeal from his 1969 conviction of the felony of criminally selling a dangerous drug in the second degree. *People* v. *Wirtschafter* (305 N. Y. 515), relied on by the Criminal Term as requiring its making of the order under review, holds that orders granting bail are null and void when there was a mistake of law and the court granting bail was in possession of knowledge of the defendant's record of prior convictions which established his ineligibility for admission to bail. It does not, however, require the voiding of an order granting bail where the information available to the court granting bail appears on its face to make the defendant eligible for bail, even though such information is later discovered to be erroneous. The requirement of section 552 of the Code of Criminal Procedure is that there be "reason to believe" (subd. 3) that the defendant has been twice convicted of any one of the selected offenses specified in subdivision 4 of the section or convicted of any two of them. A court which is ruling on the question of admissibility of a convicted defendant to bail is bound to presume that the public officials who provide it with information on the defendant's record of prior convictions do not act contrary to their official duty or omit any act which their official duty requires (*Matter of Whitman,* 225 N. Y. 1, 9). Gulotta, P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.